## Melville Merwin v. The People.

*Larceny : Information : Description of property.* An information for larceny which describes the property simply as "one hundred and thirty-five dollars," "of the property, goods and chattels of John C. Connell," and without any allegation of its value, or of any excuse for the want of greater particularity, is fatally defective.

*Information: Description: Particularity: Indictments.* So far as regards the substantial nature and description of the offense, and the mode of setting out the criminal charge, the sufficiency of an information for larceny is to be tested by the same rules which are applicable to an indictment; and where the pleader does not bring the case within the provision of any statute dispensing with any degree of particularity or precision in this respect required at common law, its sufficiency will be determined by the common-law rules as to indictments for the same offense.

*Information construed.* It is not certain whether this information was intended to charge the larceny of money, or any thing circulating, or used as currency, or of some other kind of personal property; and the pleader having failed to state it to be "money," he has not brought the information within the statute (*Comp. L.*, 1857, § 6061) allowing a general allegation in cases of the larceny of money.

*Pleading: Larceny: Description.* By the well settled principles of common-law pleading, the defendant in this case was entitled, in fairness, to either a statement of the kind, denomination and number of the pieces, notes or bills claimed to have been stolen, or to an allegation of some excuse for the omission.

*Information: Defect: Statute construed.* This defect in the information is a substantial one, and not such a formal one as, under our statute (*Comp. L.*, 1857, § 6055), must be taken advantage of by demurrer, or motion to quash.

*Larceny: Statement of value: Statute construed.* The statement of the value of the goods alleged to have been stolen, under statutes like ours, making a distinction in punishment and grade of the crime dependent upon the amount in value, is "of the essence of the offense," and therefore not excused by our statute (*Comp. L.*, 1857, § 6054) dispensing with it when not of the essence of the offense ; and, generally, it is unsafe to omit it, unless some statute clearly dispenses with it, except, perhaps, in case of the larceny of money, which is specifically described as being of some of the particular kinds of which the value is expressly prescribed by act of congress.

*Heard October 9. Decided January 8.*

Error to the Recorder's Court of Detroit.

*S. Larned* and *F. A. Baker,* for plaintiff in error, cited : *Rhodus v. Com., 2 Duv., 159 ; Hamblett v. State, 18 N. H., 384 ; State v. Hinckley, 4 Min., 345 ; Lord v. State,*

*20 N. H., 404; Low v. People, 2 Parker, 37; State v. Longbottoms, 11 Humph., 39; State v. Murphy, 6 Ala., 845; Com. v. Smith, 1 Mass., 245; Wilson v. State, 1 Port., 118; Collins v. People, 39 Ill., 223; Broms v. Com., 2 Duv., 351; State v. Goodrich, 46 N. H., 186; Sheppard v. State, 42 Ala., 531.*

*Dwight May, Attorney General,* for the People.

CHRISTIANCY, CH. J.

The information in this case charges that defendant, "on the twenty-eighth day of June, 1872, at the city of Detroit, did feloniously steal, take and carry away, of the property, goods and chattels of John C. Connell, from the possession of said John C. Connell, then and there being found, *one hundred and thirty-five dollars,* contrary to the form of the statute in such case made and provided, and against the peace and dignity of the people of the state of Michigan."

The only question is, whether the information properly charges the offense of larceny, without a more specific description of the property stolen, or any allegation of its value.

So far as regards the substantial nature and description of the offense, and the mode of setting out the criminal charge, the sufficiency of the information must be tested by the same rules applicable to an indictment.—*Sess. L., 1859, p. 392, §§ 3, 4; Rev. Charter of the City of Detroit, Ch. 6, § 7.*

And, since the prosecution, in drawing the information, has not brought the case within the provision of any statute dispensing with any degree of particularity or precision in this respect required at common law,—as will be fully shown hereafter,—the sufficiency of this information

must be tested by the rules applicable to an indictment for larceny at common law.

Among the objects to be accomplished by the mode of setting forth the criminal charge, with its essential and descriptive circumstances, and especially the description of property stolen, the following have always been recognized as fundamental: *First*, to identify the particular transaction charged as criminal, so that the defendant shall not be liable to be put upon his trial for an offense different from that for which the grand jury have found the bill, or (when under our law the information is substituted) different from that to which the person verifying the information intended to swear; *second*, that the defendant's conviction or acquittal may enure to his subsequent protection, should he be again prosecuted for the same offense (and though the identity may be shown by evidence *aliunde* where it does not clearly appear from the record, yet it would be more difficult for the defendant to show such identity where no specific description is given in the indictment); *third*, to inform the defendant of the particular transaction constituting the offense for which he is to be tried, that he may be able to prepare for his defense; and *fourth*, to enable the court, looking at the record after the conviction, to decide whether the facts, as charged, are sufficient to support the conviction and warrant the judgment; and also, in some instances (as in larceny where the statute provides different degrees of punishment for larcenies above or below a certain amount or value, like our own *Compiled Laws, 1857*, § *5762*), to guide the court in the infliction of the proper measure of punishment.—See *Starkie's Cr. Pl. (2d Ed.)*, *68 ; 1 Bish. Cr. Pro.*, §§ *267, 268*.

The ultimate design of all these objects, is fairness to the prisoner; and consequently any indictment which has

failed to set forth the offense with such certainty as to accomplish any of these purposes, as far as the nature and circumstances of the case would permit, has generally been held bad, upon general demurrer, or motion in arrest of judgment, or on writ of error.   It is, however, true, that in some cases, and to some extent, the omission to state facts not essential constituents of the offense in the abstract, but which are required to be stated, if known, may be excused by an allegation, on the face of the indictment, showing why they could not be stated.   Thus, *first*, the grand jury may not have been able to ascertain the names of third persons whose names ought regularly to be stated; or, *second*, the means used to take life, in a case of murder; or, *third*, if in forgery, the forged instrument be lost, or in the hands of, or have been destroyed or concealed by, the defendant; in the first case, the names, in the second, the means used to produce death, and in the third, the exact words of the forged instrument, may be stated to be "to the jurors aforesaid unknown" (though in the case of the forged instrument, its loss or destruction, or its possession or concealment by the prisoner, must be stated, and its substance given).   And upon the same principle, the omission of a specific statement of many other facts, not absolutely essential to the existence of the offense, may doubtless be excused in the same way.   And that the particular description of the pieces of money stolen, or the amount of each kind, may be excused on the same ground, and in the same manner, was expressly held in *Commonwealth v. Sawtelle, 11 Cush., 142.*

And this allegation, that the name, or other particular fact, is "unknown to the grand jury," is not merely formal; on the contrary, if it be shown that it was, in fact, known to them, then—the excuse failing—it has been repeatedly held that the indictment was bad, or that the

defendant should be acquitted, or the judgment arrested or reversed.—*Rex v. Walker, 3 .Camp., 264; 1 Chitty's Cr. Law, 213; Rex v. Robinson, Holt N. P., 595, 596; Blodget v. The State, 3 Ind., 403;* and see *Commonwealth v. Hill, 11 Cush., 137; Hays v. The State, 13 Mo., 246; Reed v. The State, 16 Ark., 499,* and *1 Bish. Cr. Pro.,* §§ *300 to 302,* where the ·cases are cited and the result given.

Now, within the rules of certainty required by the common law, for the purposes already explained, it has been long and well settled, that merely charging the defendant with having stolen "the goods and chattels" of another, is not sufficient (*2 E. P. C.,* 777, 778); and it seems to be equally well settled that an indictment for stealing money, is not sufficient, if it state only the aggregate amount, without any specification of the number, kind or denomination of the pieces; but that the number of the pieces and their denomination, and whether of silver, gold or copper, should be stated, and regularly the value of each kind, if known. This will sufficiently appear by the cases cited by the counsel for plaintiff in error; and see the authorities collected in *2 Arch. Cr. Pl. (by Waterman), 355, 21; 2 Bish. Cr. Pro.,* §§ *663 to 668.*

The present information fails utterly to comply with this rule, or to state any excuse for non-compliance. The charge is only of the stealing,· etc., "of the personal property, goods and chattels of John C. Connell," * * * "one hundred and thirty-five dollars."

It is easy to see that, under this general charge, defendant might have been put upon his trial for a transaction wholly distinct from that intended to be sworn to by the person verifying the information. And unless we are to presume in advance that the defendant is guilty, and must, therefore, know the transaction intended to be proved against him (which would be reversing the legal presumption),

what information does it give the defendant, of the nature of the evidence intended to be introduced? And what information for his future protection would the record of his acquittal or conviction afford him? It is true that when the particular pieces have been properly described, and their number given, the prosecution are not bound to prove the whole number of pieces, or all the kinds mentioned; but no conviction can be had except upon those which are both properly described in the information or indictment, *and* proved on the trial; unless the omission of such description has been properly excused. But it is not even quite certain whether this information was intended to charge the larceny of money, or any thing circulating, or used as currency at all; or whether the intent was to charge the stealing of some other kind of personal property; or, if of money, or something circulating as such, whether it was in coin of any kind, or treasury notes, or perhaps bank bills. Money, it is true, if otherwise sufficiently described as such, may also be alleged to be the "goods and chattels" of the owner, though it is much more properly described as his "money."—*Reg. v. Radley, 1 Den. C. C. 450, 451; 2 Car. & K., 974; 3 Cox C. C., 460.* But, not being expressly described as "money," and there being nothing to show that money was intended, except the loose inference from the words, "one hundred and thirty-five dollars," in this dubious connection with "personal property, goods and chattels," it is not quite certain, from the face of the information, that the pleader did not intend to charge a larceny of the "goods and chattels" of the owner to the amount or value of one hundred and thirty-five dollars.

And the inference that this may have been actually the pleader's intention, finds some support from the fact that, if he had intended to charge the larceny of money, or any

thing circulating as such, he would naturally have used that term, not only to bring the case clearly within the section ( § *5762, Comp. L. of 1857*), which, if it does not create the offense of larceny, establishes two kinds or degrees of it, differently punishable as it exceeds or falls short of twenty-five dollars in value, and expressly enumerates money as distinct from other property, but also for the purpose of availing himself of the greater generality of description which might be allowed by *section 6061* of the same statute. But, not having stated it to be "money," he has not brought the information within this provision.

But if the information intended to charge the larceny of money, does it mean so many single one dollar pieces, of gold or silver, and which of them? or so many United States treasury notes (which are made a legal tender), of one dollar each? or does it mean so many dollars in the aggregate, of either one kind, without reference to the number or value of the pieces? or so many dollars in the aggregate, though composed partly of one kind and partly of another, and without reference to the respective amounts, or number of pieces or notes, of either kind? These are questions which the information does not enable us to answer.

I have found no case, and no principle of common-law pleading, upon which such an indictment or information can be sustained without showing, upon the face of the instrument, some excuse for the want of greater particularity. By the well settled principles of common-law pleading, the defendant was entitled, in fairness, to either a statement of the kind, denomination and number of the pieces, notes or bills claimed to have been stolen, or to an allegation of some excuse for the omission. If the prosecutor chose to present his information upon common-law principles of pleading, when he might have availed himself

of a more loose or liberal rule established by statute, we must apply to the case the common-law rules; and by these rules this information is clearly bad.

But the attorney general insists that this objection, being apparent on the face of the information, should have been taken by demurrer, or motion to quash, under *section 6055, Compiled Laws of 1857*. But that section applies only to formal defects, while this, as we have endeavored to show, is not merely a formal, but a substantial objection,— a defect which affects the substantial rights of the defendant.

As this disposes of the case, it is not necessary to refer to the want of any allegation of value. But it may be proper to say here, that in our opinion, § *6054, Compiled Laws of 1857*, cited by the attorney general, does not dispense with the allegation of value, while our statute continues to make a distinction in punishment between cases where the property stolen is less or greater in value than twenty five dollars. While that distinction is kept up, the value must be regarded as " of the essence of the offense," within the meaning of this statute. And it may be proper to say further, that, unless some statute clearly dispenses with a statement of the value in cases of larceny, it will always be unsafe to omit such allegation, unless, perhaps, when the information is for larceny of money which is specifically described as being of some of the particular kinds the value of which is expressly prescribed by act of congress; such as the coin and treasury notes of the United States, and some foreign coin. And since, as to such coins, the acts of congress fix their value only according to their weight, and the pieces may by wear become of less weight, it is questionable whether the courts could so far take judicial notice that any particular coin, described only by its name, was of the standard value of such kind of

coin fixed by law, or of any other particular value, as to dispense entirely with any allegation of value.

The judgment must be reversed, and as no conviction can be had upon the information, the prisoner must be discharged.

The other Justices concurred.