# Herbert Brown v. The People; and Charles Libby v. The People.

*Indictments: General charge: Larceny: Description of property: Money.* In an indictment at common law for larceny a general charge of the stealing of "fifty dollars in money, of the value of fifty dollars," etc., would be insufficient without an allegation of the inability of the grand jury to give a more specific description; and even then it could only be sustained by proof of the larceny of coin or something which by the law of the land was made a legal tender as money.

*Statute construed: Larceny of money: Information: Description.* Under our statute (*Comp. L..* § 7930), however, such a general description of the property in an information for larceny is held sufficient where the larceny sought to be proved is that of coin or bank notes, or of what is generally used and treated and recognized as money.

*Larceny of promissory notes, etc.* Whether or not such a general charge would be sufficient to warrant the proof of a larceny of promissory notes or bills of exchange generally, or those of private individuals or parties :—*Quære?*

*Constitutional law: Information: Nature of the accusation.* The statute in question, so far as relates to coin or bank notes, or of what is generally treated, used and recognized as money, does not conflict with the requirement of our constitution (*Art. VI.* § 28), that the accused shall be informed of the nature of the accusation against him; the general charge authorized by the statute would, as to such money, afford the defendant as *reliable and substantial* information of the nature of the offense intended to be proved, as the most formal and approved common-law precedents; since even where the number, denomination and value of the respective pieces, bills, etc., as well as the aggregate value, is set out in a common-law indictment, the prosecution is not bound to prove the number and description of all the pieces or bills as laid.

*Constitutional law: Legislative authority: Informations: Forms.* This constitutional provision does not necessarily preclude the legislature from altering in some respects and simplifying the common-law form of charging an offense, provided the form they authorize is such as to inform the accused substantially of the nature and character of the particular offense sought to be proved against him, and not to deprive him in this respect of any real or practically substantial benefit which would have been secured by the common-law mode of charging the same offense.

*Constitutional law: Statutes valid in part.* The statute being held valid as to bank notes and coin, etc., it is immaterial in a case involving the question only as regards those, whether it is also valid as to promissory notes and bills of exchange generally, since if it be invalid as to these, that part which is valid will nevertheless be sustained.

*Practice: Evidence: Presumptions.* On this record, where the only error assigned relates to the sufficiency of the information, and no objection appears to have been taken to any evidence introduced, it will be presumed that no objectionable evidence was admitted; and the information being held sufficient to warrant a conviction upon proof of the larceny of coin or bank bills, whether or not it would be upon proof of that of promissory notes or bills of exchange generally, the conviction will not be disturbed.

*Heard April 22.   Decided April 28.*

## Error to Recorder's Court of Detroit.

*J. H. Pound* and *F. A. Baker*, for plaintiffs in error.

*Isaac Marston, Attorney General,* for the People.

CHRISTIANCY, J.

These were two separate cases in the recorder's court for the city of Detroit, in each of which the defendant below (plaintiff in error) was, upon an information filed by the prosecuting attorney, convicted of the offense of larceny, and sentenced to the state prison; and each is brought to this court by writ of error. The errors assigned in each case relate to the question of the sufficiency of the description of the property alleged to be stolen.

In the information against Brown the charge is, for that the defendant did "feloniously steal, take and carry away, of the personal property, goods and chattels of Henry Rode, from the possession of him, the said Henry Rode, there being found, *fifty dollars in money,* of the value of fifty dol-dollars, contrary to the statute, etc." In the case of Libby the charge is in the same form, for stealing of the property of Bruno Rappel, " one hundred and twenty-five dollars in money, of the value of one hundred and twenty-five dollars, and one pocket book of the value of ten cents."

It is quite clear that this general form of charging the larceny of money would not have been good according to the general current of authority in an indictment at common law, without alleging the inability of the grand jury to give a more specific description:—*Merwin v. The People,* 26 *Mich.,* 298 *;* and even in such case it could only be sustained by proof of the larceny of coin or something else, which, by the laws of the land, was made a legal tender as money.

But our statute (*Laws of 1855, p. 141, § 15; Comp. L.,* § 7930), enacts: " In any prosecution for larceny or robbery of the money, bank notes, or promissory notes, or bills of exchange of any person, it shall be sufficient to allege generally in the indictment, a larceny or robbery of money; and it shall be sufficient to maintain the charge in the indictment, that

29 MICH.—30.

any money, bank notes, promissory notes, or bills of exchange, were stolen or obtained by robbery."

It is insisted, however, by the counsel for the plaintiff in error, and this is the special ground upon which he relies for a reversal, that this statute is in direct violation of *section 28, Article VI*, of our state constitution, which provides that "in every criminal prosecution, the accused * * * shall be informed of the nature of the accusation."

While I cannot go the length to which I understand the counsel for the plaintiff in error to push his argument, that under this provision of the constitution it would be incompetent for the legislature to alter in any respect the common-law form of charging an offense, I concede that it would not be competent for the legislature to authorize any form of charging an offense, which should not inform him substantially of the nature and character of the particular offense intended to be proved against him, so as to give him fair notice of what he is to defend against, and an opportunity to procure his testimony in defense of the charge, that he may not be taken by surprise upon the trial. And for the purposes of this case it may be assumed that it would not be competent for the legislature to authorize a form of charging the offense, which would give the defendant less real and substantial information of the nature of the offense than was indispensable in an indictment at common law, which, as a general rule, would doubtless be true, though I am not prepared to lay this down as a universal rule applicable to all cases, nor, on the other hand, to hold that the description of the nature of the offense charged, recognized as sufficient at common law, would in all cases be sufficient under this provision of the constitution. There may or may not be good reasons for exceptions to such a general rule in particular cases; but the particularity in describing the property stolen required at common law in cases of larceny, was required for several other purposes besides that of informing the defendant of the

nature of the evidence intended to be produced against him, and enabling him to prepare for meeting it (*Merwin v. The People, 26 Mich., 298*); while this constitutional provision aims at this object only, and requires no particularity of description or specification for any other purpose, though, doubtless, almost any thing which tends fairly to give the defendant the necessary information tends also, more or less, to accomplish most of the other objects aimed at by the common law, in a description of the offense, or of property stolen.

But this provision of the constitution was not intended to prevent the legislature from dispensing with matters of form only, in the description of an offense, nor with any degree of particularity or specification in the description which did not give the defendant any substantial and reliable information of the particular offense intended to be proved, and without which he would receive substantially the same information. Now, if the defendant had been charged in the most strict and formal language of the most approved form of indictment at common law for the stealing of money or any thing recognized or circulating as such, such as coin or bank bills, the description would have been somewhat in this form: "divers, to wit: fifty pieces of gold coin of the denomination and of the value of one dollar" [or two dollars, or three dollars, etc., stating as many pieces and of as many denominations as the prosecutor chose to insert], "each, amounting together to a large sum of money, to wit:" [so many dollars, and of the value of so many dollars], "and divers, to wit: one hundred bank notes of the denomination, for the payment and of the value of one dollar each" [and so on of higher denominations, and stating the aggregate value]. [Though some of the common law authorities do not require the denomination or value of the several pieces of coin or bills to be stated, but only the aggregate amount and value, and others have held the statement of the aggregate value sufficient, without mentioning any number of pieces or bills, etc.] Now, when the num-

ber, denomination and value of the respective pieces, bills, etc., are set out, as well as the aggregate value, if the prosecution were bound to prove the number and description of all the pieces or bills, the information given to the defendant by the indictment would be more specific and definite, it is true, than a general charge of stealing, of the property of the same person at the same time and place, so much money; but as the prosecution is not thus bound, and the proof of the larceny of any single piece or bill of any denomination alleged and of any value whatever, will sustain the indictment, it is difficult to see how the defendant has derived more reliable or substantial information as to the nature of the offense intended to be proved, from this formal and particular description than from a general charge for stealing, of the property of the same person at the same time and place, a sum of money of the like aggregate value, without these formal specifications.

When a question arises upon the form of charging a criminal offense at common law, it is well to adhere pretty closely to common-law reasons and common-law forms in favor of a defendant; and by the humane policy of the common law as administered by the courts, a party on trial for a crime has been entitled to rely, not only upon substantial, but to a considerable extent upon technical objections; the courts not feeling at liberty to adopt the same liberal construction when it might operate against him, as they would in a civil case, or even in a criminal case when it might operate in his favor. For such reasons courts have omitted to scrutinize very closely any technicality, urged or relied upon by the defense, to see whether it contained or involved any real matter of substance essential to the rights of the prisoner, or whether it might be rejected without any real or practical disadvantage to him. But when the grave question arises as it does here, upon the constitutional power of the legislature to provide by statute for a more general form of description in an information or indictment, of property alleged to be stolen, and

for dispensing with certain particularities of description required by the common law in framing the charge, we cannot hold that they have exceeded their power, and adjudge their enactment to be void, unless we can clearly see that it deprives the defendant of some real and practically substantial benefit which the constitution was intended to secure to him, or which would have been secured by the mode of describing the property in common-law forms of indictment. Now, upon as careful consideration as I have been able to make of this question, I am unable to see how the defendant, by the mode of describing the property stolen, where that consists of coin or bank notes,—in other words, of what is generally used, treated, and recognized as money,—is deprived of any substantial or practical information of the nature of the offense intended to be proved, which he would derive from the formal common-law mode of describing the property. I must therefore hold that this statute, so far as it authorizes the general description of money and bank notes as so much money, is constitutional and valid, and that these informations, therefore, charging the several defendants with the larceny of so much money, and stating the aggregate value, were sufficient if sustained by proof of the larceny of money of any value, whether consisting of coin or bank notes or United States legal tender notes; for though the latter are not specially mentioned in the statute, they are promissory notes which by law are made a legal tender, or, in other words, money, for all legal and practical purposes. But within the principles I have endeavored to explain, I am strongly inclined to the opinion that it was not competent for the legislature to authorize the description as money, in an information for larceny, of promissory notes and bills of exchange generally, or of those of private individuals or parties, which are not treated, used and recognized in the community practically as money. Such a charge would not, as I am inclined to think, fairly give the defendant notice of the particular offense intended to be proved against him. But it is unnecessary here to

determine this question. The statute may be invalid as to promissory notes and bills of exchange generally, and valid as to coin and those descriptions of paper usually known and recognized as money.

The record discloses nothing of the evidence upon which the defendants were convicted. The only error assigned is the insufficiency of the information itself. And if this was sustained or attempted to be sustained by evidence of the larceny of promissory notes and bills of exchange, instead of coin or paper recognized as money, it is fair to presume an objection would have been taken, and presented by a bill of exceptions. No objection appears to have been taken to any evidence introduced; we must therefore presume that no objectionable evidence was admitted, and we cannot in such a case presume error where none is affirmatively shown.

I think, therefore, the judgment of the recorder's court should in each case be affirmed.

CAMPBELL and COOLEY, JJ., concurred.

GRAVES, CH. J., did not sit in this case.