## PEOPLE *v.* BUTLER.

CRIMINAL LAW — INFORMATION — AVERMENT OF FORMER CONVICTIONS—OMISSION CURED BY VERDICT—SENTENCE.

> 3 Comp. Laws 1897, § 11786, provides that, when a person convicted of crime shall have been twice before sentenced in the State to imprisonment at hard labor for not less than one year each time, he shall be sentenced to imprisonment at hard labor for life, or for not less than seven years in addition to the punishment prescribed for his last conviction. Section 11924 provides that in statutory offenses, or any offense for which a statute fixes the punishment, the indictment shall be held sufficient, after verdict, to warrant the punishment pre-

122   35
138   455

scribed by the statute, if it describes the offense in the words of the statute. Respondent was convicted of larceny from a dwelling under an information which charged two former convictions in the language of section 11786, and sentence was imposed under the provisions of that statute, the former convictions being admitted by respondent in open court. *Held,* that, if the information was defective in failing to state the times and places of the former convictions (a point not decided), it was good after verdict.

Error to Lenawee; Chester, J. Submitted October 26, 1899. Decided November 22, 1899.

James Butler was convicted of larceny from a dwelling as a third offense, and was sentenced to imprisonment in the state prison at Jackson for 20 years. Affirmed.

*Parkinson & Campbell,* for appellant.

*John E. Bird,* Prosecuting Attorney, for the people.

HOOKER, J. The defendant was convicted of larceny from a dwelling in the daytime. The judgment recited that it appeared from the information, verdict, and admissions of the defendant in open court that he had been twice duly convicted by a court in this State, and had been twice sentenced thereon to imprisonment at hard labor in the state prison at Jackson, for a period of not less than one year at each time, by a court in this State, and adjudged that he be imprisoned for the period of 20 years. It is claimed on his behalf that said sentence was excessive, for the reason that the information did not state the times and places of said prior convictions.

Section 11786, 3 Comp. Laws 1897, provides that:

"When any such convict shall have been twice before sentenced to imprisonment at hard labor, for a period of not less than one year at each time, by any court in this State, or in any other of the United States, he shall be sentenced to imprisonment at hard labor for life, or for a term of not less than seven years in addition to the punishment prescribed by law for the offense of which he shall then be convicted."

The information charged the former convictions in the language of the statute. The record does not show whether the question was raised at circuit or not. In the case of *People* v. *Buck*, 109 Mich. 687, it was held necessary, under a similar statute, to charge the offense as a second offense, and that there was a previous conviction, and it was suggested that "properly the information should state at least the date and occasion of such conviction." But if we should hold that this information should have alleged these things, the statute (3 Comp. Laws 1897, § 11924) applies. It provides that:

"When the offense charged has been created by any statute, or the punishment of such offense has been declared by any statute, the indictment shall, after verdict, be held sufficient to warrant the punishment prescribed by the statute, if it describe the offense in the words of the statute."

We do not overlook the fact that this statute does not change the rule as to the substantial requisites of an indictment, which are as essential as they were before the statute was passed. The information must inform the accused of the nature of the offense charged. *People* v. *Marion*, 28 Mich. 255; *Brown* v. *People*, 29 Mich. 232; *People* v. *Olmstead*, 30 Mich. 438. But usually an indictment is sufficient if it states the crime, and it should not state the evidence. *Morrissey* v. *People*, 11 Mich. 330. It is competent for the legislature to provide that an offense may be charged in the language of the statute, provided the elements of the offense are alleged. In this case a requisite is that the defendant has been previously twice sentenced to imprisonment, etc., for one year, by courts of this State or the United States. That is alleged in this information, and, if it is necessary to state the circumstances of such convictions, greater particularity is required than is usually necessary in charging other offenses, and in a measure is stating the evidence, which the defendant, by demanding an examination, could ascertain, if necessary to his defense. The legislature

might dispense with the necessity of such particularity in the first instance, and has done so after verdict. In Massachusetts it was held that it was necessary to charge the fact of a former conviction. See *Tuttle* v. *Com.*, 2 Gray, 505. That case alludes to a statute providing that it shall be sufficient to allege briefly that such person has been convicted of a violation of the seventh section of a Massachusetts act, and that the same might be amended, as a matter of right, before final judgment. It appears not to have occurred to that court that this statute was invalid, as it drew from it the inference of an intention on the part of the legislature to require an allegation of the fact of former conviction. In the case of *Com.* v. *Harrington*, 130 Mass. 35, it was held that the failure to allege two previous convictions within a year forbade the imposition of the greater penalty. It was said there that the former convictions should be set forth, and there is a possible, though not a necessary, inference that they should be particularly described. See *Garvey* v. *Com.*, 8 Gray, 382. In Bish. Stat. Crimes, § 981, it is said that allegation of a former conviction is essential under our constitutions, and this is doubtless true. The essential facts are that the accused had previously been sentenced to imprisonment at hard labor for a period of a year by a court of this State. This information is quite as specific in apprising a defendant of what he is to meet as one that charges the larceny of the horse of John Smith at the county of Wayne or city of New York. It used to be required that the subject of larceny should be carefully described, and an allegation that one stole money was not good until made so by statute. It was urged that this statute deprived defendants of a constitutional right, but this court held otherwise. *Brown* v. *People*, 29 Mich. 232. The charge of murder was materially abbreviated by a statute which practically eliminated all specific description of the circumstances, yet it was held valid. *Sneed* v. *People*, 38 Mich. 248. In *Rice* v. *People*, 15 Mich. 9, a charge of assault with intent to murder in the

language of the statute was held good.   In *Durand* v. *People*, 47 Mich. 332, it was held that, while a more full and complete description of an assault with intent to rob might be essential, yet an omission of descriptive averments could not prejudice the accused, and was cured by the statute after verdict.   See, also, *People* v. *Taylor*, 96 Mich. 576 (21 L. R. A. 287).

We are of the opinion that, if the information was defective (which we do not determine), it is good after verdict.   The conviction is affirmed.

The other Justices concurred.