PEOPLE *v.* McDONALD.

**1. CRIMINAL LAW—SECOND OFFENSES—STATUTES.**

The provision of the statute (Comp. Laws Supp. 1922, § 7079 [51]) for additional punishment for second offenders is valid.[1]

**2. SAME — INFORMATION MUST AVER SECOND OFFENSE AND PROOF THEREOF ON TRIAL TO SUSTAIN CONVICTION AND SENTENCE.**

The information charging a second offense must contain an averment of former conviction, and there must be proof on the trial to maintain it, to justify a conviction and sentence therefor.[2]

**3. SAME—WAIVER OF EXAMINATION—CHARGE LAID MUST BE BASED ON PROOF SUBMITTED AT EXAMINATION.**

If the preliminary examination before the justice provided for by 3 Comp. Laws 1915, § 15767, is waived, the prosecuting attorney may file an information charging any offense contained in the warrant, but if not waived, the charge as laid in the information must be based on the proof submitted to the justice.[3]

**4. SAME—FORMER CONVICTION IS AN ELEMENT OF OFFENSE WHERE ADDITIONAL PUNISHMENT AUTHORIZED.**

Where a second conviction changes the grade of an offense, or authorizes a higher penalty than could otherwise be imposed, the former conviction enters as an element into the new offense, and must be alleged and proved as a necessary part of the description and character of the crime intended to be punished.[4]

**5. SAME—CONVICTION OF SECOND OFFENSE NOT SUSTAINABLE WHERE NO PROOF OF FIRST OFFENSE SUBMITTED AT EXAMINATION.**

Where, in a prosecution for violating the prohibition law, the charge was laid in the complaint, warrant, and

[1]Criminal Law, 16 C. J. § 3151; [2]Id., 16 C. J. § 3160; Indictments and Informations, 31 C. J. §§ 282, 447; [3]Id., 16 C. J. § 566; Indictments and Informations, 31 C. J. § 140; [4]Criminal Law, 16 C. J. § 3160; Indictments and Informations, 31 C. J. §§ 282, 447.

information as a second offense, but no proof was offered on the preliminary examination that defendant had been theretofore convicted of a similar offense, conviction and sentence therefor may not be sustained.[5]

6. SAME—PUNISHMENT RATHER THAN NAME CHARACTERIZES CRIME.
It is not the mere name of a crime, but the punishment therefor, that characterizes it.[6]

7. BAIL—OFFENSE AGAINST PROHIBITION LAW BAILABLE — LARGER BAIL JUSTIFIED IN CHARGE OF SECOND OFFENSES—RULE APPLICABLE.
An alleged offense against the prohibition law is bailable, but much larger bail is justified on charge of second offense, because the punishment may be almost doubled; the applicable rule being that it should be determined from a regard to the nature of the alleged offense, its punishment, the standing, character, and property of the person charged, and all the circumstances of the case.[7]

8. CRIMINAL LAW—EVIDENCE OF FORMER CONVICTION INADMISSIBLE WHERE SECOND OFFENSE NOT PROPERLY CHARGED.
As there was no proof of a former conviction submitted on the examination had, the averment thereof should have been stricken from the information and the objection of the defendant to the introduction of proof thereunder sustained.[8]

9. SAME—TRIAL—INSTRUCTIONS.
Objection that the charge of the court was argumentative and prejudicial, *held*, not justified.[9]

10. SAME—TRIAL—INSTRUCTIONS—APPEAL AND ERROR—NO ERROR IN REFUSING REQUESTS COVERED IN CHARGE.
There was no error in refusing requests to charge which were fairly covered in the charge as given.[10]

11. SAME—PROSECUTOR NOT REQUIRED TO ARGUE EVIDENCE.
There is no rule of law or practice which requires the prosecutor in a criminal case to argue the evidence and state to the jury what he claims from it.[11]

---

[5]Criminal Law, 16 C. J. § 3185 (Anno); [6]Id., 16 C. J. § 4; [7]Bail, 6 C. J. § 221; [8]Criminal Law, 16 C. J. § 2194 (Anno); [9]Id., 16 C. J. § 2476; 17 C. J. § 3688; [10]Id., 16 C. J. § 2506; [11]Id., 16 C. J. § 2228 (Anno).

12. SAME—DEFENDANT MAY NOT BE REMANDED FOR PROPER SEN-
TENCE WHERE ILLEGALLY CONVICTED.

Where defendant's conviction of a second offense against
the prohibition law may not be sustained because there
was no proof of the former conviction submitted at the
examination had, he may not be remanded for proper
sentence, since, to justify a sentence, there must be a
valid conviction, and, therefore, a new trial is ordered.[12]

Error to superior court of Grand Rapids; Verdier
(Leonard D.), J.     Submitted October 15, 1925.
(Docket No. 137.)     Decided December 22, 1925.

Elmer A. McDonald was convicted of violating the
liquor law, and sentenced to imprisonment for not less
than one nor more than two years in the Michigan
reformatory at Ionia.     Reversed, and new trial
ordered.

*Dunham, Cholette & Quail,* for appellant.

*Andrew B. Dougherty,* Attorney General, and *Earl
W. Munshaw,* Prosecuting Attorney, for the people.

SHARPE, J.     Defendant reviews his conviction and
sentence, on a charge of having intoxicating liquor in
his possession, by writ of error.     The charge was laid
in the complaint, warrant and information as a second
offense, and the sentence was imposed therefor (Comp.
Laws Supp. 1922, § 7079 [51]).     No proof was of-
fered on the examination had that defendant had been
theretofore convicted of a similar offense.

1. The question first presented is whether, without
such proof, an averment thereof may be made in the
information and a conviction and sentence therefor
sustained.     The validity of the provision for ad-
ditional punishment for second offenders was passed
upon and sustained in *People* v. *Roth,* 228 Mich. 447.
The information must contain an averment of former

[12]Criminal Law, 17 C. J. § 3759 (Anno).

conviction, and there must be proof on the trial to maintain it, to justify a conviction and sentence therefor.    *People* v. *Buck,* 109 Mich. 687; *People* v. *Butler,* 122 Mich. 35; *People* v. *Campbell,* 173 Mich. 381; *State* v. *Findling,* 123 Minn. 413 (144 N. W. 142, 49 L. R. A. [N. S.] 449).

Our statute (3 Comp. Laws 1915, § 15767) provides that:

"No information shall be filed against any person for any offense, until such person shall have had a preliminary examination therefor, as provided by law, * * * unless such person shall waive his right to such examination,"

—with certain exceptions thereafter noted, and not here applicable.    If such examination be waived, the prosecuting attorney "may file an information charging any offense contained in the warrant."    *Stuart* v. *People,* 42 Mich. 255, 258.    If not waived, the charge as laid in the information must be based on the proof submitted to the justice.    In *Turner* v. *People,* 33 Mich. 363, 371, 373, it was said:

"If it appears, however, that as to the offense charged in the information there had been no preliminary examination, then it was not competent to inform for it, and the prosecuting attorney and the court were equally at fault.

"But in order to ascertain how this is, we can only have recourse to the 'examination,' or in the equivalent terms of the proviso, to the 'evidence filed in the case.' Because no other matter of evidence is required to be returned and filed (2 Comp. Laws 1871, § 7867), and it is to such evidence the prosecuting attorney is plainly referred in order to shape his information, and the same evidence which is to govern the court when directing a 'proper' information to be filed.    All the regulations point to it as the evidence to discriminate the criminal act to be laid, and to disclose its class and character.    Indeed, on this subject the law appears clear when the various provisions are examined and compared."

Under these holdings and the familiar rule relating to pleadings that "whatever it is necessary to allege it is necessary to prove," it seems clear that if there must be an averment of former conviction in the warrant to justify its insertion in the information, then proof to sustain it must have been submitted to the police judge.    The prosecution urges:

"The extra punishment provided for the second offense does not alter the nature or grade of the offense. The offense remains the same.    The punishment is the only thing that changes."

The purpose of a criminal prosecution is to punish one who violates the law.    The nature of the punishment, which the statute provides may be inflicted, is presumed to depend upon the enormity of the offense of which the accused has been convicted.    One who assaults another with intent to rob and steal may be imprisoned for not more than 10 years, while, if such a person be at the time armed with a dangerous weapon, he may be imprisoned for not more than 15 years.    The assault and intent constitute the crime. The fact that he was armed subjects him to the greater punishment.    Larceny and larceny from the person and other offenses may be distinguished in a similar manner.    The grade of the offense is determined by some fact incident thereto of an aggravating nature, justifying the punishment which may be imposed.

"It is not the mere name of a crime, but the punishment therefor that characterizes it."    *People, ex rel. Cosgriff,* v. *Craig,* 195 N. Y. 190, 197 (88 N. E. 38).

The charge here preferred against the defendant is not merely that he violated the law by having liquor in his possession, but that he had theretofore committed a similar violation, for which he had been convicted, and thereby rendered himself liable to a greater punishment.    As was said in *Ingalls* v. *State,* 48 Wis. 647 (4 N. W. 785):

"The commission of the second offense is evidence of the incorrigible and dangerous character of the accused, which calls for and demands a severer punishment than should be inflicted upon the person guilty of a first crime."

The violation complained of is aggravated by the fact of his former conviction. He is thereby subjected to an enhanced penalty. The purpose of averring and proving it is to give the court jurisdiction to impose it.

In *People* v. *Sickles*, 156 N. Y. 541 (51 N. E. 288), the defendant was convicted of robbery, charged as a second offense. Before the jury was impaneled, he admitted his former conviction, and thereafter sought, without avail, to have the evidence thereof excluded from the jury. His counsel urged:

"The first offense and the first conviction constitute no part of, nor are they included in the second or subsequent offense. They are facts in the previous history of the accused, which are to be used by the court in fixing the penalty for the crime last charged, and the defendant has the right to admit these facts and be freed from the bias and prejudice they would create in the minds of the jury."

In affirming the action of the trial court, the court of appeals said:

"The statute, in question, is not dealing with, nor regulating, criminal procedure, but is declaring the enhanced penalty which a subsequent offender against the laws of the State will incur upon conviction. * * * The indictment of the person accused of being a second offender must bring the case within the statute, by setting forth the facts depended upon for the imposition of the severer punishment prescribed by the Penal Code. * * * In such a case as this, the charge is not merely that the prisoner has committed the offense specifically described, but that, as a former convict, his second offense has subjected him to an enhanced penalty. * * * It is not easy to see how, in the absence of some statutory provision permitting

it, the defendant can plead in part and thus restrict the issue and the proof to be offered under the indictment. * * * I regard it as a necessary and logical conclusion, where an increased punishment is prescribed by the statute upon conviction for a second offense, that the prior conviction enters as an ingredient into the criminality of the prisoner. Not that the fact of the prior conviction tends, in any wise, to prove the commission of the second offense; but that it aggravates the guilt of the prisoner and, as a hardened, or unreformed, criminal, subjects him to an increased punishment for the repeated crime."

In *McWhorter* v. *State,* 118 Ga. 55 (44 S. E. 873), it is said:

"Where the second conviction changes the grade of the offense, or authorizes a higher penalty than could otherwise have been imposed, the former conviction enters as an element into the new offense, and must be alleged as a necessary part of the description and character of the crime intended to be punished."

In *Commonwealth* v. *Harrington,* 130 Mass. 35, a statute of Massachusetts was involved which provided that when a person—

"is convicted of the offense of drunkenness, and it is proved that he has been convicted of a like offense twice before within the next preceding twelve months, he may be punished by a fine not exceeding ten dollars, or by imprisonment in any place now provided by law for common drunkards, for a term not exceeding one year;"

—and further that—

"it shall not be necessary in complaints under the act to allege such previous convictions."

It was held that the latter provision offended against the Declaration of Rights (art. 12) which guaranteed that—

"no subject shall be held to answer for any crimes or offence until the same is fully and plainly, substantially and formally, described to him."

It was said:

"When a statute imposes a higher penalty on a third conviction, it makes the former convictions a part of the description and character of the offence intended to be punished."

"The indictment must allege every fact and modification of fact legally essential to the punishment to be inflicted."    1 Bishop's New Criminal Procedure, § 81.

After citing specific instances, the writer further says, in section 84:

"The result is that in every case, with no exception, the common law requires each individual thing which itself or a statute has made an element in that wrongful aggregation out of which the punishment proceeds, to be alleged in the indictment."

"The previous conviction enters into the second or third offense to the extent of aggravating it, and increasing the punishment; and, where it is sought to impose the greater penalty for a second or third offense, the previous conviction or convictions, like every other material fact, must be distinctly alleged in the indictment."    Clark's Criminal Procedure, p. 204.

"Where a second conviction changes the grade of an offense, or authorizes a higher penalty than could otherwise be imposed, the former conviction enters as an element into the new offense, and must be alleged and proved as a necessary part of the description and character of the crime intended to be punished."    8 R. C. L. p. 276.

Under Act No. 355, Pub. Acts 1917 (Comp. Laws Supp. 1922, § 7780 [1-3]), relating to disorderly persons, the punishment, upon conviction, is within the jurisdiction of a justice of the peace.    For a third offense the punishment may be imprisonment in the State prison for not more than two years.    Clearly, the complaint and warrant must so aver to confer authority on the justice or police judge to bind the

accused over to a court having jurisdiction to try him. It could not well be claimed in such a case that the former convictions did not enter into the nature or grade of the offense charged.

The offense charged was bailable, and it was the duty of the judge to fix the amount of defendant's bail. It should be fixed at such an amount as would be likely to secure a compliance with the conditions of the recognizance entered into. It must not be excessive.

"It should be determined from a regard to the nature of the alleged offense, its punishment, the standing, character, and property of the person charged, and all the circumstances of the case." Tiffany's Criminal Law (How. 4th Ed.), 143.

Much larger bail would be justified on a charge of second offense, as the punishment may be almost doubled. While the bail as here fixed could not be said to be excessive, the rule herein laid down will apply to all future cases and to all statutes wherein increased punishment is provided for offenders who have theretofore been convicted.

Had the charge against the defendant been preferred by indictment, it is clear that a true bill containing an averment of second conviction could not have been found without proof thereof before the grand jury. Under our statute (3 Comp. Laws 1915, § 15760), the same power and jurisdiction are vested in courts to hear, try and determine prosecutions upon information as upon indictment. To justify the filing of an information, the proof submitted on the examination must be of the same character and sufficiency as would be required to secure the finding of such an averment in an indictment. *Merwin* v. *People*, 26 Mich. 298 (12 Am. Rep. 314).

As there was no proof of a former conviction submitted on the examination had, the averment thereof should have been stricken from the information and

the objection of the defendant to the introduction of proof thereunder sustained.

2. Error is assigned upon the charge.    It is said to have been "argumentative and prejudicial."    While the claims of the parties were stated at considerable length, no intimation was expressed as to the weight the jury should give thereto.    In our opinion, the rights of the defendant were fully protected thereby.

3. Certain requests were preferred by the defendant.    We think they were fairly covered in the charge as given.

4. It appears that counsel "agreed upon 15 minutes on a side to argue the case."    The prosecutor, who opened the argument, took but 4 minutes.    Defendant's counsel insisted that he must "argue the evidence, what they claim from it."    The court declined to instruct the prosecutor as to his duty in the matter. We know of no rule of law or practice which governs such a proceeding.

The other errors assigned have been examined, but in our opinion they do not merit discussion.

It is urged that under the holding in *People* v. *Ancksornby,* 231 Mich. 271, there should be a remand for a proper sentence.    In that case, the defendant pleaded guilty of the offense with which he was charged.    The sentence imposed was based upon an admission thereafter made by him to the court.    It was excessive and illegal.    It was, however, held that a lawful sentence for the offense of which he had pleaded guilty might thereafter be imposed.

To justify a sentence, there must be a valid conviction either on a plea of guilty or by the verdict of a jury.    The record of the verdict states that the jury found "the said respondent guilty in manner and form as the people have in this cause charged in their information."    No such verdict could have been found had the proof of former conviction not been admitted.

We have held that such proof was not admissible. It was admitted over defendant's objection. The verdict founded, in part, upon it was erroneous. We cannot rewrite it as one finding the defendant guilty of the violation of the law particularly complained of without reference to the former conviction.

"The indictment or information embraces, and can lawfully embrace, no issue except the prisoner's guilt as charged. The right of trial by jury is secured by constitutional provisions, and it would not be competent to make any substantial changes in its character. As suggested in *People* v. *Marion*, 29 Mich. 31, one of its substantial elements is the right of the jury to give a general verdict on the merits." *Underwood* v. *People*, 32 Mich. 1, 2 (20 Am. Rep. 633).

We feel constrained to hold that the conviction and sentence must be set aside and a new trial ordered.

McDonald, C. J., and Clark, Bird, Moore, Steere, Fellows, and Wiest, JJ., concurred.