PEOPLE v. MELLOR.

1. COURTS—CIRCUIT JUDGE—TRAFFIC AND ORDINANCE DIVISION OF RECORDER'S COURT OF DETROIT.

A circuit judge may legally sit and hold court in the traffic and ordinance division of the recorder's court of Detroit.

2. CRIMINAL LAW—STATUTE OF LIMITATIONS—SECOND OFFENSE.

Whether or not the statute of limitations relative to criminal offenses has run against a previous offense is immaterial in prosecution of a second offense where defendant is charged or prosecuted for latter offense only (Comp. Laws 1929, §§ 4695, 4746, as amended by Act No. 318, Pub. Acts 1939; § 17238, as amended by Act No. 144, Pub. Acts 1935).

3. SAME—SECOND OFFENSE—STATUTE OF LIMITATIONS—SENTENCE.

In prosecution for driving a motor vehicle under the influence of intoxicating liquor, denial of motion to quash information because second offender charge was made more than six years after first conviction was proper since fact of commission of first offense was merely an additional circumstance to be considered in imposing a severer penalty for second conviction (Comp. Laws 1929, §§ 4695, 4746, as amended by Act No. 318, Pub. Acts 1939; § 17238, as amended by Act No. 144, Pub. Acts 1935).

4. SAME—SECOND OFFENSE—INFORMATION—SENTENCE.

In prosecution for second offense under statute prohibiting the driving of a motor vehicle while under the influence of intoxicating liquor, information was not defective because it did not contain two counts as the prior offense is not an element of the offense charged but merely a circumstance affecting punishment after conviction (1 Comp. Laws 1929, §§ 4695, 4746, as amended by Act No. 318, Pub. Acts 1939).

5. SAME—DRIVING MOTOR VEHICLE UNDER INFLUENCE OF INTOXICATING LIQUOR—IDENTITY—EVIDENCE.

In prosecution for driving a motor vehicle while under the influence of intoxicating liquor, evidence held, sufficient to show both identity of defendant although there was no direct identification of defendant while his car was moving and that he was under influence of liquor to such an extent

that it would materially affect his ability to drive an automobile (1 Comp. Laws 1929, § 4695, as amended by Act No. 318, Pub. Acts 1939).

6. SAME—EXCESSIVE SENTENCE.

The imposition of an excessive sentence does not void the sentence (3 Comp. Laws 1929, § 17352).

7. AUTOMOBILES—REVOCATION OF OPERATOR'S LICENSE.

The revocation of a license to operate an automobile under the statute regulating operation of motor vehicles is not a criminal penalty (Act No. 91, § 18, Pub. Acts 1931, as amended by Act No. 196, Pub. Acts 1933).

8. CRIMINAL LAW—OPERATING AUTOMOBILE WHILE UNDER INFLUENCE OF INTOXICATING LIQUOR—SENTENCE—REVOCATION OF OPERATOR'S LICENSE.

Where trial court not only imposed sentence but revoked automobile operator's license of defendant convicted of operating an automobile while under the influence of intoxicating liquor, recital as to revocation of license by the judge is stricken, remainder of judgment affirmed and remanded for execution (Comp. Laws 1929, § 4695, as amended by Act No. 318, Pub. Acts 1939; § 17352; Act No. 91, Pub. Acts 1931, as amended by Act No. 196, Pub. Acts 1933).

Appeal from Recorder's Court for the City of Detroit; Taylor (Mark D.), J., presiding. Submitted June 12, 1942. (Docket No. 63, Calendar No. 41,889.) Decided September 8, 1942.

Henry Mellor was convicted of driving a motor vehicle while under the influence of intoxicating liquor. Affirmed.

*O'Brien & Nertney,* for appellant.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *William E. Dowling,* Prosecuting Attorney, and *Norton N. Wisok* and *Ralph E. Helper,* Assistants Prosecuting Attorney, for the people.

Sharpe, J.   Defendant, Henry Mellor, was tried and convicted in the recorder's court of the city of Detroit, traffic and ordinance division, of the offense of driving a motor vehicle while under the influence of intoxicating liquor in violation of 1 Comp. Laws 1929, § 4695, as amended by Act No. 318, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 4695, Stat. Ann. 1941 Cum. Supp. § 9.1563). He was sentenced pursuant to 1 Comp. Laws 1929, § 4746, as amended by Act No. 318, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 4746, Stat. Ann. 1941 Cum. Supp. § 9.1615), as a second offender to a minimum term of 90 days, fined $100, and had his driver's license revoked for a period of one year. It is to be noted that the case was tried before Honorable Mark D. Taylor, a circuit judge, sitting as a judge of the recorder's court of the city of Detroit, traffic and ordinance division.

Defendant appeals from the conviction and sentence and contends that a circuit judge may not legally sit and hold court in the traffic and ordinance division of the recorder's court of the city of Detroit. This question was decided in *People* v. *Buckley,* 302 Mich. 12, and we again affirm our opinion in that case.

Prior to trial, counsel for defendant made a motion to "dismiss" the information because the second offender charge was made more than six years after the first conviction. It is admitted that the first conviction was on January 21, 1935. The second offense was alleged to have been committed on April 27, 1941. Defendant claims that the second offender action is barred by the six-year clause of the criminal statute of limitations (3 Comp. Laws 1929, § 17238, as amended by Act No. 144, Pub. Acts

1935 [Comp. Laws Supp. 1940, § 17238, Stat. Ann. § 28.964]) which provides as follows:

"An indictment for the crime of murder may be found at any period after the death of the person alleged to have been murdered; indictments for the crimes of kidnapping and extortion shall be found and filed within ten years after the commission of the offense; all other indictments shall be found and filed within six years after the commission of the offense; but any period during which the party charged was not usually and publicly resident within this State shall not be reckoned as part of the time within which the respective indictments shall be found and filed."

We are not in accord with this theory. Whether the statute of limitations has run against the offense committed in 1935 is immaterial as defendant was not charged or prosecuted for that offense. He was charged and prosecuted only for the offense alleged to have been committed on April 27, 1941. The former conviction was merely an additional fact or circumstance to be considered in imposing a severer penalty for the second conviction. Nor do we think the information is faulty because it does not contain two counts. The prior offense is not an element of the instant offense. It merely applies to punishment after conviction.

It is urged that the court erred in denying defendant's motion to dismiss for lack of competent evidence by the prosecution at the close of the State's case. The above motion was based on the claim that no one saw the defendant driving the car while it was in motion; and that there was no evidence that defendant was so intoxicated that his ability to drive was materially affected.

The record shows that there was no direct identification of defendant while his car was moving. However, the passenger in the car involved in the accident testified that the car in which he was riding

approached Grand River avenue in the city of Detroit and stopped for the traffic light to change when a car coming around the corner hit the left rear fender of witness's car. Witness then got out and approached the "striking" car. He testified as follows:

"*Q.* Did you see who was driving that other car?
"*A.* Yes, sir.
"*Q.* Do you see that man in court here today?
"*A.* Yes, sir.
"*Q.* Will you point him out?
"*A.* Second man (indicating).
"*Mr. Wisok:* Will the record show that the witness indicates the defendant Henry Mellor."

In our opinion there was evidence to warrant a finding that defendant was operating the car at the time and place in question.

On the question of intoxication there was evidence of odor of liquor on the breath of defendant, evidence that he was unsteady on his feet, and evidence that he was under the influence of liquor to such an extent that it would materially affect his ability to drive an automobile. In our opinion there was competent evidence from which a trial judge could and should have denied defendant's motion to dismiss.

It is next urged that the sentence is null and void because the trial court exceeded its power in imposing sentence. It is conceded by the prosecuting attorney that the trial court exceeded its power in revoking defendant's driver's license. The imposition of an excessive sentence does not void the sentence. See 3 Comp. Laws 1929, § 17352 (Stat. Ann. § 28.1094).

In *Re Probasco,* 269 Mich. 453, we said:

"The revocation of an operator's license under section 18 (Act No. 91, Pub. Acts 1931, as amended

by Act No. 196, Pub. Acts 1933) is not a criminal penalty. It is not a part of the sentence of the court and it is not a punishment for the offense."

The proper proceeding is to remand to the sentencing court for a proper sentence. See *People* v. *Farrell*, 146 Mich. 264; *People* v. *Baum*, 251 Mich. 187 (70 A. L. R. 98).

The judgment is affirmed, but the recital in the judgment that defendant's driver's license is revoked for one year will be stricken and the remainder of the judgment affirmed and remanded for execution of judgment.

CHANDLER, C. J., and BOYLES, NORTH, STARR, BUTZEL, and BUSHNELL, JJ., concurred. WIEST, J., did not sit.