PEOPLE v URYNOWICZ

Docket No. 66737. Decided November 23, 1981. On application by the
people for leave to appeal the Supreme Court, in lieu of
granting leave to appeal, reversed the judgment of the Court of
Appeals and reinstated the judgment of the circuit court.

Alphonse J. Urynowicz was convicted on his plea of guilty in
Jackson Circuit Court, Gordon W. Britten, J., of first-degree
criminal sexual conduct. The defendant agreed to plead guilty
in return for dismissal of a supplemental information charging
him under the habitual offender statute and the prosecutor's
promise not to proceed against him with charges of criminal
sexual conduct as to certain other acts which had been investi-
gated by the State Police. On appeal the defendant claimed
that because he had a prior conviction of a sexual offense, the
trial judge should have advised him of the five-year mandatory
minimum sentence for subsequent criminal sexual offenses
required by the criminal sexual conduct statute. The Court of
Appeals, Danhof, C.J., and Bronson and Cynar, JJ., reversed in
a memorandum opinion and, on rehearing, held that the fact
that the defendant was not specifically charged under the
criminal sexual conduct statute as a second offender did not
change the requirement that he must be advised of the manda-
tory minimum sentence for a second offense of criminal sexual
conduct (Docket No. 48277). The people apply for leave to
appeal. *Held:*

Statutory provisions with mandatory enhancement of the
sentence for second offenders require that, before a defendant's
punishment for the current offense can be enlarged, the earlier
conviction must be charged and proved. The defendant here
was not charged as a second offender under the criminal sexual
conduct statute. Consequently, there was no mandatory mini-
mum of which advice was required in the guilty-plea proceed-
ing.

The judgment of the Court of Appeals is reversed, and the
judgment of the circuit court is reinstated.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Edward J. Grant,*

Prosecuting Attorney, and *John L. Wildeboer,* Chief Appellate Attorney, for the people.

*Myron E. Sanderson* for defendant.

Per Curiam. The question before us in this criminal sexual conduct case is the failure of the trial judge to advise the defendant, while taking his guilty plea, of a mandatory minimum sentence, as required by GCR 1963, 785.7(1)(d). While it is conceded that the advice was not given, the prosecutor maintains that it was not necessary in this case because the defendant must first have been charged as a second offender under MCL 750.520f; MSA 28.788(6) before the mandatory minimum could be imposed. Since the defendant was not so charged, says the prosecutor, there was no mandatory minimum of which to advise him. We agree.

I

The defendant was convicted on May 4, 1973, in Jackson Circuit Court of gross indecency. The information in this case charged that the defendant

"did engage in sexual penetration with another person, * * * said person being under 13 years of age; contrary to [MCL 750.520b(1)(a); MSA 28.788(2)(1)(a)]."

The defendant was also charged as a second-felony offender under the habitual criminal statute, MCL 769.10; MSA 28.1082. He pled guilty of first-degree criminal sexual conduct on July 13, 1979, in return for dismissal of the supplemental information charging him as an habitual offender and the prosecutor's promise not to proceed against him as to other acts which the state police investigation

disclosed might give rise to further criminal sexual conduct charges. The defendant was sentenced to life imprisonment.

## II

The defendant was told that the offense of which he pled guilty carried a maximum sentence of life imprisonment. The Court of Appeals initially reversed in a memorandum opinion of October 9, 1980 because of the trial court's failure to advise the defendant of the mandatory minimum five-year sentence under MCL 750.520f; MSA 28.788(6), as required by GCR 1963, 785.7(1)(d). On November 20, 1980, the Court of Appeals granted the prosecutor's application for rehearing to consider the question of "whether defendant must be charged as a second or subsequent offender in order to be subject to the mandatory five-year penalty of MCL 750.520f; MSA 28.788(6)". In an unpublished per curiam opinion of February 10, 1981, the Court of Appeals adhered to its earlier decision:

"The language of the statute clearly requires the mandatory minimum for second or subsequent offenders. There is no indication of a legislative intent to make applicability of the mandatory minimum a matter for the discretion of the prosecutor. See *People v McFadden*, 73 Mich App 232; 251 NW2d 297 (1977).

"The prosecutor claims that defendant could not be subjected to the mandatory minimum sentence under principles of due process, stating that fair notice of the minimum sentence provision was not given. We agree that defendant was entitled to some notice of the mandatory minimum; the court should have informed him of it at the plea proceeding as required by GCR 1963, 785.7(1)(d). We do not accept the prosecutor's analogies to cases arising under the habitual offender act, MCL 769.13; MSA 28.1085 and the driving under the influ-

ence of liquor (DUIL) statute, MCL 257.625; MSA 9.2325. The habitual offender act allows the prosecutor to decide whether or not to seek the enhanced sentence and requires a specific charge. Therefore, concepts of fair notice alluded to in *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979), require that the defendant be informed at an early stage that the additional sentence is being sought. The habitual offender act and the DUIL statute both involve increase to the maximum sentence rather than a mandatory minimum."

## III

### A

The statute in question provides:

"(1) If a person is convicted of a second or subsequent offense under section 520b, 520c, or 520d [first-, second-, or third-degree criminal sexual conduct], the sentence imposed under those sections for the second or subsequent offense shall provide for a mandatory minimum sentence of at least 5 years.

"(2) For purposes of this section, an offense is considered a second or subsequent offense if, prior to conviction of the second or subsequent offense, the actor has at any time been convicted under section 520b, 520c, or 520d or under any similar statute of the United States or any state for a criminal sexual offense including rape, carnal knowledge, indecent liberties, gross indecency, or an attempt to commit such an offense." MCL 750.520f; MSA 28.788(6).

The defendant's 1973 conviction of gross indecency would bring him within the definition of a second offender in § 520f(2).

### B

We have said in the past that second-offender provisions with mandatory sentence enhancement require that the information must charge the earlier conviction before a defendant may be liable

for the additional punishment. For example, in *People v McDonald,* 233 Mich 98; 206 NW 516 (1925), the Court reviewed a case in which the charge was possession of intoxicating liquor, second offense. The statute provided "and for every second and subsequent offense * * * he shall * * * be sentenced to imprisonment * * *". 1919 (Ex Sess) PA 3. On appeal, McDonald alleged that proof had not been offered at the examination that he had been earlier convicted of a similar offense. The Court said:

"The question first presented is whether, without such proof, an averment thereof may be made in the information and a conviction and sentence therefor sustained. The validity of the provision for additional punishment for second offenders was passed upon and sustained in *People v Roth,* 228 Mich 447 [200 NW 136 (1924)]. The information must contain an averment of former conviction, and there must be proof on the trial to maintain it, to justify a conviction and sentence therefor." 233 Mich 100-101.

In *People v Butler,* 122 Mich 35; 80 NW 883 (1899), the defendant was sentenced under 1897 CL 11786, which provided that had he been twice before sentenced to imprisonment, "he shall be sentenced to imprisonment at hard labor for life, or for a term of not less than seven years in addition to the punishment prescribed by law for the offense of which he shall then be convicted". The prosecutor had charged in the information only the fact of former convictions, not stating the times and places of the prior convictions, and the defendant thought the latter omission to be error. The Court said that the information was sufficient. The statute in that case did specifically require pleading of the prior offenses in the information, but the Court said the statute "does not change

the rule as to the substantial requisites of an indictment * * *. The information must inform the accused of the nature of the offense charged". 122 Mich 37.

More recently, in *People v Mellor,* 302 Mich 537; 5 NW2d 455 (1942), this Court departed from the *Butler* and *McDonald* path. The prosecution was for driving under the influence of liquor, and Mellor was sentenced as a second offender. His claim was that the aggravation of sentence for a 1941 offense by a 1935 conviction violated the six-year statute of limitations. In the course of rejecting this argument, the Court said:

"Whether the statute of limitations has run against the offense committed in 1935 is immaterial as defendant was not charged or prosecuted for that offense. He was charged and prosecuted only for the offense alleged to have been committed on April 27, 1941. The former conviction was merely an additional fact or circumstance to be considered in imposing a severer penalty for the second conviction. Nor do we think the information is faulty because it does not contain two counts. The prior offense is not an element of the instant offense. It merely applies to punishment after conviction." 302 Mich 540.

In *People v Miller,* 357 Mich 400; 98 NW2d 524 (1959), the prosecutor charged driving under the influence of liquor, second offense, and offered in evidence the prior conviction. The judge instructed the jury that in order to convict, it must find the defendant was the same person who was convicted earlier of driving under the influence of liquor. Without discussion or reference to *Mellor,* the Court said, "In this procedure there was no error". 357 Mich 410. Justice LEVIN tried to reconcile *Miller* and *Mellor* in *People v Bosca,* 25 Mich App 455, 457-458; 181 NW2d 678 (1970):

"In *Miller* the Court made no reference to its earlier

decision in *Mellor.* The holdings in the two cases are not inconsistent. In *Mellor* the defendant claimed that because his first conviction preceded his second conviction by more than six years, the statute of limitations had run and he could not be sentenced as a second offender. The Court's statements, in rejecting this contention, that the 'former conviction was merely an additional fact or circumstance to be considered in imposing a severer penalty for the second conviction' and that 'the prior offense is not an element of the instant offense,' cannot properly be read as negating the need both to charge and prove, as was done in *Miller,* the earlier conviction before the punishment for the currently charged offense can be enhanced. The currently charged offense can in truth be charged and proved without reference to the earlier conviction. In that sense the earlier conviction is not, as said in *Mellor,* an element of the 'instant [or current] offense.' But, nevertheless, before a defendant's punishment for the current offense can be enlarged, the earlier conviction must be charged and proved."

In *People v Wright,* 405 Mich 832 (1979), the Court examined the sentence enhancement provision of the Controlled Substances Act. MCL 335.348; MSA 18.1070(48). The defendant had been charged only with delivery of cocaine and conspiracy to deliver cocaine, but he was sentenced as a second offender to twice the term of imprisonment authorized. The Court said that doubling the sentence was improper and cited *Oyler v Boles,* 368 US 448; 82 S Ct 501; 7 L Ed 2d 446 (1962), in which the United States Supreme Court required, as a matter of due process, that a defendant receive reasonable notice and an opportunity to be heard on a recidivist charge.

C

We believe that Justice LEVIN captured the essence of this Court's earlier decisions when he wrote for the Court of Appeals in *Bosca* that "before a defendant's punishment for the current offense can be enlarged, the earlier conviction

must be charged and proved".[1] This defendant was not charged under § 520f. Consequently, there was no mandatory minimum of which advice under GCR 1963, 785.7(1)(d) was required. In lieu of granting leave to appeal, pursuant to GCR 1963, 853.2(4), we reverse the judgment of the Court of Appeals and reinstate the circuit court judgment.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.

---

[1] We note also his statement "that steps should be taken to avoid placing before the jury [the defendant's] past criminal record before a verdict is rendered on the currently charged offense". 25 Mich App 459.