PEOPLE v RICHARDSON

Docket No. 69462. Submitted November 17, 1983, at Detroit.—Decided February 8, 1984. Leave to appeal denied, 419 Mich 893.

James Richardson was convicted, on his pleas of guilty, of felonious assault and felony-firearm, Wayne Circuit Court, Roland L. Olzark, J. The defendant was sentenced to five years in prison for the conviction of felony-firearm to be followed by two years probation for the conviction of felonious assault. The defendant appealed, alleging that the trial court erred in sentencing him to five years in prison because he was neither charged with, nor pled guilty to, being a second-time felony-firearm offender. *Held:*

The trial court erred requiring reversal in imposing a five-year sentence for the conviction of felony-firearm. Although the defendant had previously been convicted of felony-firearm, he was not charged with being a second-time felony-firearm offender, nor did he plead guilty to such a charge.

Reversed and remanded.

CRIMINAL LAW — FELONY-FIREARM — SENTENCING.

A trial court errs requiring reversal of a defendant's conviction in imposing a sentence of incarceration for five years as a second-time felony-firearm offender where the defendant was neither charged with, nor pled guilty to, being a second-time felony-firearm offender even where, in fact, the defendant had previously been convicted of felony-firearm (MCL 750.227b; MSA 28.424[2]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

REFERENCES FOR POINTS IN HEADNOTE
39 Am Jur 2d, Habitual and Subsequent Offenders §§ 20-22.
What constitutes former "conviction" within statute enhancing penalty for second or subsequent offense. 5 ALR2d 1080.

*Gromek, Bendure & Thomas* (by *John A. Lydick),* for defendant on appeal.

Before: Wahls, P.J., and D. E. Holbrook, Jr., and R. E. Robinson,* JJ.

Per Curiam. Defendant was originally charged with assault with intent to murder, MCL 750.83; MSA 28.278 (Count I), and felony-firearm, MCL 750.227b; MSA 28.424(2) (Count II). Pursuant to a plea-bargaining agreement whereby the prosecution agreed to forego prosecuting Count I, defendant pled guilty to Count II as well as to an orally added count of felonious assault, MCL 750.82; MSA 28.277. Defendant was sentenced to a two-year term of probation for the orally added felonious assault count. Said term was to be served consecutively to a five-year prison term which the trial court imposed for the felony-firearm count. The trial court apparently imposed the five-year prison term pursuant to MCL 750.227b(1); MSA 28.424(2)(1) because defendant's felony-firearm guilty-plea conviction in the instant case represented his second conviction of felony-firearm.

We find that, regardless of whether the instant conviction of felony-firearm represented defendant's second such conviction, defendant was neither charged with being a second-time felony-firearm offender nor did he plead guilty as a second offender. Therefore, we hold that the trial court erred requiring reversal in imposing a five-year second-time felony-firearm sentence. See *People v Urynowicz,* 412 Mich 137; 312 NW2d 625 (1981). We reverse and remand to the trial court for a resentencing consistent with this opinion.

Reversed and remanded.

* Former circuit court judge, sitting on the Court of Appeals by assignment.