PEOPLE v WILLIAMS

Docket No. 179493. Submitted January 9, 1996, at Detroit. Decided January 19, 1996, at 9:05 A.M.

Roderick Williams was convicted by a jury in the Detroit Recorder's Court of armed robbery and possession of a firearm during the commission of a felony. The defendant then pleaded guilty of being a fourth-offense habitual offender. The court, Helen E. Brown, J., sentenced the defendant as an habitual offender to consecutive prison terms of 84 to 240 months for armed robbery and five years for felony-firearm, which was the defendant's second such conviction. The defendant appealed, claiming that the felony-firearm conviction and sentence violated due process because he was not charged with, and did not plead guilty of, being a second-time felony-firearm offender.

The Court of Appeals *held:*

Where sentence enhancement is authorized, as for second convictions of felony-firearm, due process does not require that the prosecution separately charge the defendant as a second offender or that the defendant be accorded an adversarial hearing before the prior conviction is used for sentencing purposes. Due process is satisfied as long as the sentence is, as in this case, based on accurate information and the defendant has a reasonable opportunity at sentencing to challenge that information.

Affirmed.

CONSTITUTIONAL LAW — DUE PROCESS — FELONY-FIREARM — SUBSEQUENT CONVICTIONS — SENTENCE ENHANCEMENT.

The requirements of due process with respect to a defendant's conviction of and sentencing for a second or subsequent violation of the statute proscribing the possession of a firearm during the commission of a felony are satisfied where the sentence is based on accurate information and the defendant has a reasonable opportunity at sentencing to challenge that information (MCL 750.227b; MSA 29.424[2]).

REFERENCES

Am Jur 2d, Criminal Law § 640.

See ALR Index under Sentence and Punishment.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Lawrence S. Talon,* Assistant Prosecuting Attorney, for the people.

*Patricia S. Slomski,* for the defendant on appeal.

Before: Wahls, P.J., and Reilly and O'Connell, JJ.

Per Curiam. Following a jury trial, defendant was convicted of armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). He later pleaded guilty of being an habitual offender, fourth offense, MCL 769.12; MSA 28.1084. He was sentenced to 84 to 240 months in prison as an habitual offender and to a consecutive five-year prison term as a second-time felony-firearm offender, MCL 750.227b(1); MSA 28.424(2)(1). He appeals as of right. We affirm.

On appeal, defendant claims that the trial court erred as a matter of law when it imposed a five-year enhanced sentence for the second felony-firearm offense. Defendant contends he was denied due process because he was not charged as a second offender under the felony-firearm statute, and he did not plead guilty of being a second-time felony-firearm offender. For his position, defendant relies solely on *People v Richardson,* 132 Mich App 220; 347 NW2d 24 (1984). However, *Richardson* relied on *People v Urynowicz,* 412 Mich 137; 312 NW2d 625 (1981). *Urynowicz* was criticized and, in effect, overruled by the Michigan Supreme Court in *People v Eason,* 435 Mich 228, 250; 458 NW2d 17 (1990). "[W]e are now of the view that the Court erred in *Urynowicz* in concluding due process

requires a separate proceeding and proof before enhancing the sentence of a second offender." *Id.* Whenever sentence enhancement is authorized, due process does not require that the prosecution separately charge the defendant as a second offender, nor is the defendant entitled to an adversarial hearing before the prior convictions are used for sentencing purposes. *Id.* at 233-234. The Court differentiated habitual offender statutes from sentence-enhancement statutes. *Id.* at 232. It concluded that due process is satisfied as long as the sentence is based on accurate information and the defendant has a reasonable opportunity at sentencing to challenge that information. *Id.* at 233.

At the sentencing hearing, defendant's counsel stated that defendant had reviewed the presentence report and had no objections to it. After explaining the sentence-enhancement provision, the trial court told defendant he was being placed on notice of the provision and asked defendant if he wished to contest the prior conviction. Defense counsel indicated that defendant did not wish to do so. We conclude defendant was not denied due process and was properly sentenced.

Affirmed.