# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

UNPUBLISHED
June 22, 2017

v

KENNETH JACKSON,

       Defendant-Appellant.

No. 330429
Oakland Circuit Court
LC No. 2015-253328-FH

Before: FORT HOOD, P.J., and CAVANAGH and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals as of right his jury convictions of carrying a concealed weapon (CCW), MCL 750.227; felon in possession of a firearm, MCL 750.224f; and possession of a firearm during the commission of a felony (felony-firearm), third offense, MCL 750.227b(1). We affirm.

Defendant first argues that the trial court erred by denying his motion to suppress evidence obtained from the warrantless patdown search of his person. We disagree.

"In considering a motion to suppress evidence, this Court reviews a trial court's factual findings to determine if they are clearly erroneous and reviews a trial court's conclusions of law de novo." *People v Snider*, 239 Mich App 393, 406; 608 NW2d 502 (2000). "A finding of fact is clearly erroneous if, after a review of the entire record, an appellate court is left with a definite and firm conviction that a mistake has been made." *People v Roberts*, 292 Mich App 492, 502; 808 NW2d 290 (2011) (citation omitted).

"The lawfulness of a search or seizure depends on its reasonableness." *Snider*, 239 Mich App at 406. "Generally, a search conducted without a warrant is unreasonable unless there exist both probable cause and a circumstance establishing an exception to the warrant requirement." *Id.* at 407 (quotation marks and citation omitted). However, " 'a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest.' " *People v Custer*, 465 Mich 319, 326-327; 630 NW2d 870 (2001), quoting *Terry v Ohio*, 392 US 1, 22; 88 S Ct 1868; 20 L Ed 2d 889 (1968). "Police officers may make a valid investigatory stop if they possess 'reasonable suspicion' that crime is afoot." *People v Champion*, 452 Mich 92, 98; 549 NW2d 849 (1996).

Furthermore, "[a] police officer may perform a limited patdown search for weapons if the officer has a reasonable suspicion that the individual is armed, and thus poses a danger to the officer or to other persons." *Custer*, 465 Mich at 328. "The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." *Id*. (quotation marks and citation omitted). "Reasonable suspicion entails something more than an inchoate or unparticularized suspicion or 'hunch,' but less than the level of suspicion required for probable cause." *Champion*, 452 Mich at 98. "*Terry* strictly limits the permissible scope of a patdown search to that reasonably designed to discover guns, knives, clubs, or other hidden instruments that could be used to assault an officer." *Id*. at 99. "In order to demonstrate reasonable suspicion, an officer must have specific and articulable facts, which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion." *Custer*, 465 Mich at 328 (quotation marks and citation omitted).

As an initial matter, Deputy Robert Smith was lawfully present on the premises and did not need a warrant. We have previously held that "going into a commercial place open to the public" is not a violation of an individual's reasonable expectation of privacy. *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 23; 672 NW2d 351 (2003). Here, it is undisputed that the door to the establishment was open to the public, and the police officers could enter without violating defendant's reasonable expectation of privacy.

Further, the patdown search of defendant that resulted in discovering the handgun did not violate defendant's constitutional rights. Deputy Smith testified that after he walked into the building and defendant approached him, he immediately noticed that defendant's jacket was hanging on the left side as if there was a weighted object in defendant's jacket. Based on his 20 years of experience as a police officer, he believed that defendant had a weapon. Deputy Smith then asked defendant if he had a weapon, and defendant admitted he had a gun. At this point, according to Deputy Smith, he had reason to believe there was criminal activity, and he patted down defendant. A loaded handgun was discovered in defendant's left coat pocket, and defendant did not produce a CPL. While defendant attempts to cast the patdown as one that was justified after the fact by the discovery of the gun, this argument has no merit. Deputy Smith was not required to be certain about the type of weapon he would find before conducting the patdown, and he articulated specific facts that would lead a reasonably prudent person under the circumstances to conclude that defendant posed a safety threat. See *Custer*, 465 Mich at 328. Therefore, the patdown search for weapons was permissible and did not violate the Fourth Amendment. See *id*.; see also *People v Taylor*, 214 Mich App 167, 169-170; 542 NW2d 322 (1995).

Defendant's argument on appeal essentially relies on treating his testimony and that of Jennifer Core as the more credible version of the events. However, Core's testimony did not occur until trial, after the trial court had already ruled on the pretrial motion to suppress. Moreover, Core's testimony substantially agreed with defendant's testimony and his version conflicted with the testimony of Deputy Smith. This Court has stated that when reviewing a trial court's decision on a motion to suppress, "[i]f resolution of a disputed factual question turns on the credibility of witnesses or the weight of the evidence, we will defer to the trial court, which had a superior opportunity to evaluate these matters." *Roberts*, 292 Mich App at 503-504 (quotation marks and citation omitted). Clearly, the trial court determined that Deputy Smith's

testimony—that he saw what appeared to be a weapon in defendant's pocket and then conducted a patdown for weapons—was credible and we defer to that finding on appeal. Accordingly, the trial court properly denied defendant's motion to suppress.

Next, defendant raises several issues in his Standard 4 brief.[1] We address each of defendant's arguments in turn.

First, defendant appears to argue that he should have been permitted to enter a conditional plea after the trial court denied his motion to suppress so that he could preserve his right to appeal that decision. See MCR 6.301(C)(2). This issue is moot because, as discussed above, the trial court properly denied defendant's motion to suppress. This Court does not decide moot issues. *People v Sours*, 315 Mich App 346, 352; 890 NW2d 401 (2016).

Next, defendant appears to argue that the trial court erred during the process of allowing him to withdraw his plea pursuant to a *Cobbs*[2] agreement because the court specified that defendant could either accept the recommendation of the probation department or withdraw his plea. Because defendant did not object to the trial court's statement or to being allowed to withdraw his plea, this issue is unpreserved. See *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007). We review unpreserved issues for plain error affecting substantial rights, i.e., error that affected the outcome of the proceedings. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

In *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993), our Supreme Court held that

> [a]t the request of a party, and not on the judge's own initiative, a judge may state *on the record* the length of sentence that, on the basis of the information then available to the judge, appears to be appropriate for the charged offense.
>
> To avoid the potential for coercion, a judge must not state or imply alternative sentencing possibilities on the basis of future procedural choices, such as an exercise of the defendant's right to trial by jury or by the court.
>
> The judge's preliminary evaluation of the case does not bind the judge's sentencing discretion, since additional facts may emerge during later proceedings, in the presentence report, through the allocation afforded to the prosecutor and the victim, or from other sources. However, a defendant who pleads guilty or nolo contendere in reliance upon a judge's preliminary evaluation with regard to an appropriate sentence has an absolute right to withdraw the plea if the judge later determines that the sentence must exceed the preliminary evaluation. [*Id*. at 283 (footnote omitted).]

---

[1] See Michigan Supreme Court Administrative Order 2004-6, Standard 4.

[2] *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).

In *People v Williams*, 464 Mich 174, 180; 626 W2d 899 (2001), the Court clarified "that in informing a defendant that the sentence will not be in accordance with the *Cobbs* agreement, the trial judge is not to specify the actual sentence that would be imposed if the plea is allowed to stand." See also MCR 6.310(B)(2)(b).

Here, the trial court indicated that it could not follow the *Cobbs* agreement and properly gave defendant the opportunity to withdraw his plea. See *Cobbs*, 443 Mich at 283; see also MCR 6.310(B)(2)(b). However, the trial court plainly erred by stating "My position is he accepts the recommendation of the probation department or he withdraws the plea." The trial court essentially informed defendant of its intended sentence if defendant maintained his guilty plea, i.e., the same sentence that the probation department had recommended in the presentence investigation report (PSIR). See *id.*; *Williams*, 464 Mich at 180. However, defendant has failed to show that this error affected his substantial rights. He exercised his right to withdraw his plea when the trial court indicated that it would not follow the *Cobbs* agreement. Thus, the trial court's error of indicating its intended sentence did not induce defendant to plead guilty and waive his right to a trial. In other words, the error did not implicate the concern for improper coercion on the part of the trial court, which is the purpose behind the rule prohibiting the trial court from indicating its intended sentence when it determines that it cannot follow the *Cobbs* agreement. See *id.* at 170; *Cobbs*, 443 Mich at 283. Accordingly, defendant has failed to establish plain error requiring reversal on this ground. See *Carines*, 460 Mich at 763.

Next, defendant argues that the trial court erred by denying his motion to quash that was predicated on the prosecutor's amendment of the information to change defendant's charge on the felony-firearm count from a second offense to a third offense. We disagree.

"[A] trial court's decision on a motion to quash an information [is] reviewed for an abuse of discretion." *People v Dowdy*, 489 Mich 373, 379; 802 NW2d 239 (2011). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Waterstone*, 296 Mich App 121, 131-132; 818 NW2d 432 (2012). Questions of statutory interpretation are reviewed de novo, and "[t]o the extent that a lower court's decision on a motion to quash the information is based on an interpretation of the law, appellate review of the interpretation is de novo." *People v March*, 499 Mich 389, 397; 886 NW2d 396 (2016) (quotation marks and citations omitted).

The felony-firearm statute, MCL 750.227b, provides different punishments for repeated violations of the statute, stating in relevant part:

> (1) A person who carries or has in his or her possession a firearm when he or she commits or attempts to commit a felony, except a violation of section 223, 227, 227a, or 230, is guilty of a felony and shall be punished by imprisonment for 2 years. Upon a second conviction under this subsection, the person shall be punished by imprisonment for 5 years. Upon a third or subsequent conviction under this subsection, the person shall be punished by imprisonment for 10 years.

The Michigan Supreme Court has stated that the felony-firearm statute only "requires proof beyond a reasonable doubt that a defendant carried a firearm during the commission or attempted commission of a felony and nothing more" and that "whether a defendant was a first-,

second-, or third-time offender under the felony-firearm act affects only the duration of the defendant's sentence." *People v Miles*, 454 Mich 90, 99-100; 559 NW2d 299 (1997). "Due process protections afforded defendants subject to such sentence enhancement provisions are less than those afforded defendants for the substantive offense, because the enhancement is not a separate element that must be proved beyond a reasonable doubt." *Id*. at 100.

In *People v Williams*, 215 Mich App 234, 235; 544 NW2d 480 (1996), the defendant argued on appeal that his five-year term of imprisonment as a second-time felony-firearm offender was erroneous as a matter of law. He argued that "he was denied due process because he was not charged as a second offender under the felony-firearm statute, and he did not plead guilty of being a second-time felony-firearm offender." *Id*. The *Williams* Court held that "[w]henever sentence enhancement is authorized, due process does not require that the prosecution separately charge the defendant as a second-time offender, nor is the defendant entitled to an adversarial hearing before the prior convictions are used for sentencing purposes." *Id*. at 236. There is a distinction between sentence-enhancement statutes, such as the felony-firearm statute, and the habitual offender statutes.[3] *Id*. "[D]ue process is satisfied as long as the sentence is based on accurate information and the defendant has a reasonable opportunity at sentencing to challenge that information." *Id*.

Here, the prosecution was not required to separately charge defendant as a third-time offender of the felony-firearm statute. See *id*. And defendant has never contested the accuracy of his prior felony-firearm convictions although he had a reasonable opportunity to make such challenges. "The court before, during, or after trial may permit the prosecutor to amend the information or the notice of intent to seek enhanced sentence unless the proposed amendment would unfairly surprise or prejudice the defendant." MCR 6.112(H). There is nothing unfair or prejudicial about putting defendant on notice of his status as a third-time felony firearm offender in such a way that gives him the reasonable opportunity to challenge the accuracy of his prior convictions. Defendant's prior felony-firearm convictions were not an element of the instant felony-firearm offense. See *Miles*, 454 Mich at 100. Therefore, the applicable due process requirements were satisfied. See *Williams*, 215 Mich App at 236. Defendant essentially attempts to treat the felony-firearm sentence enhancement as requiring procedures analogous to habitual offender sentencing enhancements, but our Supreme Court has drawn a clear distinction between the two and has indicated that subsequent offenders under the same statute are not entitled to early notice of the enhancement. *People v Eason*, 435 Mich 228, 232; 458 NW2d 17 (1990).

While defendant cites to MCR 6.112, there is nothing in this court rule requiring any kind of notice with respect to a sentencing enhancement under the felony-firearm statute. Again, the habitual offender provisions are inapplicable to the felony-firearm sentence enhancements. *Williams*, 215 Mich App at 235-236. Additionally, defendant complains that the information was not signed by the prosecutor as required by MCR 6.112(D). However, defendant did not object to the lack of a signature, and has not explained how he was allegedly prejudiced by this

---

[3] See MCL 769.10 through MCL 769.13.

omission. There is no reason to reverse defendant's conviction on this ground. See MCL 767.76; *People v McGee*, 258 Mich App 683, 687; 672 NW2d 191 (2003). In summary, the trial court did not abuse its discretion by denying defendant's motion to quash. See *Dowdy*, 489 Mich at 379.

Finally, defendant argues that he was denied the effective assistance of counsel with regard to his decision to withdraw his plea because defense counsel told him that he could not receive a longer prison term than what was recommended in the PSIR but, after he withdrew his plea, his mandatory felony-firearm sentence was doubled when the information was amended to charge him with felony-firearm, third offense. We disagree. Because defendant did not seek a new trial or evidentiary hearing in the trial court, we review this unpreserved issue for errors apparent on the record. *People v Sabin (On Second Remand)*, 242 Mich App 656, 658-659; 620 NW2d 19 (2000).

To establish a claim of ineffective assistance of counsel a defendant must show that: (1) counsel's performance was below an objective standard of reasonableness, (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different, and (3) the resultant proceedings were fundamentally unfair or unreliable. *People v Toma*, 462 Mich 281, 302; 613 NW2d 694 (2000); *Sabin (On Second Remand)*, 242 Mich App at 659. "Effective assistance of counsel is presumed," and "[t]he defendant bears a heavy burden of proving otherwise." *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999).

Defendant's ineffective assistance of counsel claim fails. Even if his counsel should have been aware of the potential for the amended charge, defendant cannot establish that he was prejudiced by his counsel's failure to advise him of that possibility. That is so because a trial court may modify and enhance a defendant's sentence after sentencing under the felony-firearm statute based on the repeat offense provision if the trial court was unaware of the defendant's prior felony-firearm conviction at the time of the original sentencing. See *Miles*, 454 Mich at 96-101. "Although the authority of the court over a defendant typically ends when a valid sentence is pronounced, the court may correct an invalid sentence after sentencing." *Id*. at 96. "A sentence may be invalid no matter whom the error benefits because sentencing must not only be tailored to each defendant, but also satisfy society's need for protection and its interest in maximizing the offender's rehabilitative potential[.]" *Id*. at 98 (quotation marks and citation omitted).

In *Miles*, the defendant was convicted of armed robbery and felony-firearm and received a two-year consecutive sentence for the felony-firearm conviction because the PSIR did not show that the defendant had a prior felony-firearm conviction. *Id*. at 92. After sentencing, the trial court was informed that the defendant had a prior felony-firearm conviction and entered an amended judgment of sentence ordering the defendant to serve a five-year prison term for the felony-firearm conviction, without giving notice to either party and without holding a resentencing hearing. *Id*. at 92-94. The Michigan Supreme Court held: "Because of the importance of accuracy in sentencing we find that the original felony-firearm sentence was invalid and subject to modification by the trial court under MCR 6.429(A)." *Id*. at 98. And the new sentence was affirmed because the defendant admitted the accuracy of the prior felony-firearm conviction and because the trial court was bound by the enhancement provision of MCL 750.227b(1). *Id*. at 101.

Likewise, here, defendant does not contest the accuracy of his prior felony-firearm convictions and thus would have been subject to having his sentence corrected to reflect his third-offender status even if he had maintained his guilty plea and been originally sentenced to a five-year term as a second-time felony-firearm offender. See *id*. at 98, 101. In other words, even if defense counsel performed below an objective standard of reasonableness, defendant has not satisfied the prejudice prong of the test because he does not have a right to receive an invalid sentence. Accordingly, defendant cannot establish that he received ineffective assistance of counsel.

Affirmed.

/s/ Karen M. Fort Hood
/s/ Mark J. Cavanagh
/s/ Amy Ronayne Krause