*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

JAMES PAUL JOSEPH,

       Defendant-Appellant.

UNPUBLISHED
December 29, 2020

No. 349734
Genesee Circuit Court
LC No. 18-044224-FC

Before: BOONSTRA, P.J., and GADOLA and TUKEL, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial conviction of domestic violence, MCL 750.81(2).[1] On the basis of defendant's prior domestic violence convictions, the trial court sentenced him under MCL 750.81(5) to serve two to five years in prison. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

On August 17, 2018, several physical altercations occurred between defendant and LJ, his wife. Defendant and LJ disputed the extent and nature of these altercations at trial, with defendant arguing that he was defending himself from LJ's attacks. Defendant was originally charged with

---

[1] The jury was presented with the option of finding defendant guilty of either aggravated domestic violence, MCL 750.81a(2), or the lesser-included offense of domestic violence, MCL 750.81(2). The judgment of sentence reflects that defendant was convicted of violating MCL 750.81(2) and MCL 750.81(4) (domestic violence, second offense); however, because defendant had two or more previous domestic violence convictions, he was actually sentenced under MCL 750.81(5) (domestic violence, third offense). As we will discuss in this opinion, the prosecution amended the information after trial to reflect this fact, but it does not appear that the judgment of sentence was amended. Defendant was also charged with other offenses, but the jury acquitted him of those charges.

aggravated domestic violence, MCL 750.81a(2)[2] as well as first-degree criminal sexual conduct, MCL 750.520b(1)(f) (actor causes personal injury to victim and force or coercion is used to accomplish sexual penetration), and assault with intent to do great bodily harm less than murder, MCL 750.84. After the close of proofs, the jury was instructed that, instead of aggravated domestic violence, it was permitted to find defendant guilty of the lesser-included offense of domestic violence, MCL 750.81(2).[3] Defendant did not object to this instruction. The jury returned its verdict and found defendant guilty of the lesser-included offense of domestic violence, and it acquitted him of the other charges. After the jury's verdict, the prosecution informed the trial court that, in light of his multiple prior convictions for domestic violence, defendant was guilty under MCL 750.81(5),[4] domestic violence, third offense, which is a five-year felony. Defendant objected, arguing that he was unfairly surprised and prejudiced by the prosecution's late actions in requesting the lesser-included offense instruction and in not amending the information before trial to include notice of the possibility of a sentencing enhancement under MCL 750.81(5). Defendant essentially contended that enhancing the penalty for his domestic violence conviction circumvented the jury's verdict, arguing that the jury intended to convict defendant of a

---

[2] MCL 750.81a(2) provides:

> Except as provided in subsection (3), an individual who assaults his or her spouse or former spouse, an individual with whom he or she has or has had a dating relationship, an individual with whom he or she has had a child in common, or a resident or former resident of the same household without a weapon and inflicts serious or aggravated injury upon that individual without intending to commit murder or to inflict great bodily harm less than murder is guilty of a misdemeanor punishable by imprisonment for not more than 1 year or a fine of not more than $1,000.00, or both.

[3] MCL 750.81(2) provides:

> Except as provided in subsection (3), (4), or (5), an individual who assaults or assaults and batters his or her spouse or former spouse, an individual with whom he or she has or has had a dating relationship, an individual with whom he or she has had a child in common, or a resident or former resident of his or her household, is guilty of a misdemeanor punishable by imprisonment for not more than 93 days or a fine of not more than $500.00, or both.

[4] MCL 750.81(5) provides:

> An individual who commits an assault or an assault and battery in violation of subsection (2) or (3), and who has 2 or more previous convictions for assaulting or assaulting and battering an individual described in either subsection (2) or subsection (3) under any of the following, is guilty of a felony punishable by imprisonment for not more than 5 years or a fine of not more than $5,000.00, or both[.]

misdemeanor, not a felony, and that his due-process rights were violated by the sentence enhancement. The trial court overruled defendant's objection, and sentenced him as described.

## II. STANDARD OF REVIEW

We review de novo the interpretation and application of statutes, *People v Comer*, 500 Mich 278, 287; 901 NW2d 553 (2017), as well as preserved constitutional questions, *People v Calloway*, 469 Mich 448, 450; 671 NW2d 733 (2003).

## III. ANALYSIS

Defendant argues that his due-process rights were violated when the trial court applied MCL 750.81(5) to enhance his sentence. We disagree.

As noted, MCL 750.81 provides in relevant part:

> (2) *Except as provided in subsection* (3), (4), *or (5)*, an individual who assaults or assaults and batters his or her spouse or former spouse, an individual with whom he or she has or has had a dating relationship, an individual with whom he or she has had a child in common, or a resident or former resident of his or her household, is guilty of a misdemeanor punishable by imprisonment for not more than 93 days or a fine of not more than $500.00, or both.
>
> * * *
>
> (5) An individual who commits an assault or an assault and battery in violation of subsection (2) or (3), and who has 2 or more previous convictions for assaulting or assaulting and battering an individual described in either subsection (2) or subsection (3) under any of the following, *is guilty of a felony punishable by imprisonment for not more than 5 years* or a fine of not more than $5,000.00, or both[.] [MCL 750.81 (emphasis added).]

Defendant was convicted of a violation of MCL 750.81(2), and does not dispute that he has "2 or more previous convictions for assaulting or assaulting and battering an individual described in either subsection (2) or subsection (3) . . . ." He therefore met the criteria for the sentence enhancement of MCL 750.81(5).

Our Supreme Court has distinguished sentence enhancements from proceedings under the habitual offender statutes, with respect to the level of due process protection required. See *People v Eason*, 435 Mich 228, 232; 458 NW2d 17 (1990). "[D]ue process does not require the state to proceed by notice of a separate charge, the right to trial by jury, and proof beyond a reasonable doubt wherever sentence enhancement is authorized." *Id*. at 233. Our Supreme Court has recognized that our Legislature has chosen not to provide the notice requirements and other due process protections found in the habitual offender statutes to "subsequent offenders under the same statute," noting that a "sentence enhancement provision is a legislative authorization for judges to tailor punishment to the criminal on the basis of an objective factor, i.e., a prior conviction under the same statute." *Id*. at 232. Additionally, "[d]ue process does not require the prosecutor to charge the prior . . . conviction in the information in order for the defendant's sentence to be

enhanced on the basis of the prior conviction because the prior offense is not an element of a separate charge." *Id*. at 233. In sentence enhancement situations, "due process requires a reasonable opportunity to challenge the accuracy of the information relied on in passing sentence." *Id*. at 234; see also *People v Williams*, 215 Mich App 234-235; 544 NW2d 480 (1996) (holding that the defendant was not denied due process when he was charged and convicted of felony-firearm, MCL 750.227b, but sentenced as a second-time felony-firearm offender, MCL 750.227b(1)); *People v Miles*, 454 Mich 90, 100; 559 NW2d 299 (1997) (stating that "[d]ue process protections afforded defendants subject to such sentence enhancement provisions are less than those afforded defendants for the substantive offense, because the enhancement is not a separate element that must be proved beyond a reasonable doubt," and holding that due process required only that a defendant be sentenced on the basis of accurate information and have an opportunity to challenge that information.)

In this case, defendant had more than two prior qualifying domestic violence convictions, and he did not object to the accuracy of that information. This subjected defendant to the sentence enhancement for domestic violence, third offense. See MCL 750.81(5). This enhancement is separate and distinct from the habitual offender statutes, see MCL 769.10, MCL 769.11, MCL 769.12, and the notice requirements of those statutes do not apply, see MCL 769.13. Therefore, defendant was not entitled to earlier notice of the sentence enhancement because MCL 750.81(5) did not provide for such notice.[5] See *Eason*, 435 Mich at 232.

Defendant's arguments center around the fact that the sentence enhancement elevated his conviction from a 93-day misdemeanor to a five-year felony (as is, indeed, the entire purpose of MCL 750.81(5) and happens in every instance in which that statutory provision is applied to a conviction under MCL 750.81(2)). Given the distinction between a misdemeanor and felony, defendant contends that he was prejudiced by a lack of early notice by the prosecution that this enhancement could occur, but he presents no authority to support this position. We discern no indication from *Eason*, *Williams*, or *Miles* that an exception is made when a misdemeanor is elevated to a felony; rather, all three decisions advance general rules that apply to *all* sentence enhancements. See *Eason*, 435 Mich at 232-234; *Miles*, 454 Mich at 100; *Williams*, 215 Mich App at 236.

Furthermore, defendant fails to demonstrate how he was unfairly surprised or prejudiced by the prosecution's request for a lesser-included offense instruction or by its failure to provide pretrial notice that it would be seeking sentence enhancement if defendant was convicted of domestic violence. Defendant concedes that he knew of his prior convictions. He was, therefore, on notice of the effect that these convictions would have on a domestic violence conviction. Defendant states that he is not an attorney and should not be held to such a standard; however, parties are presumed to know the law, see *Mudge v Macomb Co*, 458 Mich 87, 109 n 22; 580 NW2d 845 (1998), and ignorance of the law is no excuse, *People v Lockett (On Rehearing)*, 253 Mich App 651, 655 n 1; 659 NW2d 681 (2002). Moreover, defendant was represented by counsel.

---

[5] Although notice is required when the prosecutor intends to seek an enhanced sentence under MCL 750.81(3) or (4) or MCL 750.81a(3), there is no such requirement under MCL 750.81(5). See MCL 750.81b(a).

Due process required that defendant be sentenced on the basis of accurate information and have the opportunity to challenge such information. At the sentencing hearing, defendant was able to object to, and change, information in the presentence investigation report, and was able to object to the scoring of several variables. Defendant made no claims below, and makes none on appeal, that he was sentenced on the basis of inaccurate information or did not have an opportunity to challenge such information. Accordingly, his due-process rights were not violated. *Eason*, 435 Mich 228, 232.

Affirmed.

/s/ Mark T. Boonstra
/s/ Michael F. Gadola
/s/ Jonathan Tukel