*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

NATHAN RYAN WEST,

        Defendant-Appellant.

UNPUBLISHED
January 15, 2025
2:15 PM

No. 369506
Monroe Circuit Court
LC No. 2022-247181-FH

Before: RIORDAN, P.J., and O'BRIEN and GARRETT, JJ.

PER CURIAM.

Defendant, Nathan Ryan West, appeals by leave granted[1] his sentence for his plea conviction of breaking and entering into a building with intent to commit a felony or a larceny, MCL 750.110. Defendant was sentenced to 30 to 120 months' imprisonment for the conviction, with credit for 170 days served. We affirm.

## I. FACTS

Defendant was charged with breaking and entering into a building with intent to commit a felony or a larceny after stealing items from a storage unit with a codefendant.[2] Defendant had access to the storage-unit facility, which required a unique PIN code for entry, because his grandmother, Sharon Dart, owned a storage unit across the hall from the victim's unit; however, defendant was the primary user of Dart's unit. Defendant took items from the victim's unit and

---

[1] *People v West*, unpublished order of the Court of Appeals, entered March 7, 2024 (Docket No. 369506).

[2] This Court notes that defendant pleaded guilty to breaking and entering into a building with intent to commit a felony or a larceny after stealing items from a storage unit with a codefendant on October 4, 2022, so this Court will only address his actions on that date. This Court recognizes that defendant returned to steal additional items from the same storage unit on October 5, 2022, with his original codefendant and a second codefendant, but we will not address this date as it was not mentioned when defendant pleaded guilty on February 17, 2023.

moved them to his vehicle and Dart's unit. Defendant pleaded guilty and objected at sentencing to 10 points being assessed for offense variable (OV) 14, MCL 777.44 (offender's role as leader). The trial court overruled defendant's objection and sentenced defendant as described above. Defendant moved the trial court for resentencing based on his argument that OV 14 was improperly assessed 10 points. The trial court denied the motion.

Defendant now appeals.

## II. ANALYSIS

Defendant argues that the trial court improperly assessed 10 points for OV 14, which resulted in a violation of his due-process rights, and erred in denying his motion to correct his sentence and properly score the sentencing guidelines, which entitles him to resentencing. We disagree.

"To preserve a sentencing issue for appeal, a defendant must raise the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in [this Court]." *People v Clark*, 315 Mich App 219, 223-224; 888 NW2d 309 (2016) (quotation marks and citations omitted); see also MCR 6.429(C). Defendant objected to the trial court assessing 10 points to OV 14 at sentencing, in his motion for resentencing, and in his request for remand in his application for leave to appeal to this Court. Thus, this issue is preserved.

"This Court reviews for clear error a trial court's findings in support of a particular score under the sentencing guidelines but reviews de novo whether the trial court properly interpreted and applied the sentencing guidelines to the findings." *People v Haynes*, 338 Mich App 392, 435; 980 NW2d 66 (2021). "Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake was made." *People v Blevins*, 314 Mich App 339, 348-349; 886 NW2d 456 (2016). The trial court's factual determinations "must be supported by a preponderance of the evidence." *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016). "'Preponderance of the evidence' means such evidence as, when weighed with that opposed to it, has more convincing force and the greater probability of truth." *People v Cross*, 281 Mich App 737, 740; 760 NW2d 314 (2008).

This Court reviews a trial court's denial of a motion for resentencing for an abuse of discretion. *People v Puckett*, 178 Mich App 224, 227; 443 NW2d 470 (1989).[3] An abuse of discretion occurs when a trial court's decision "falls outside the range of reasonable and principled outcomes. A trial court necessarily abuses its discretion when it makes an error of law." *People v Everett*, 318 Mich App 511, 516; 899 NW2d 94 (2017) (quotation marks and citations omitted).

Defendant argues that the trial court erred by assessing 10 points for OV 14, which is scored for "the offender's role. . . ." MCL 777.44(1). For OV 14, 10 points are assessed if "[t]he offender was a leader in a multiple offender situation. . . ." MCL 777.44(1)(a). When assessing points for

---

[3] "Although published decisions of this Court issued before November 1, 1990, are not precedentially binding, MCR 7.215(J)(1), they may be considered as persuasive authority." *People v Mathews*, 324 Mich App 416, 428 n 4; 922 NW2d 371 (2018).

OV 14, "[t]he entire criminal transaction should be considered. . . ." MCL 777.44(2)(a). "[A] 'leader' is defined in relevant part as 'a person or thing that leads' or 'a guiding or directing head, as of an army or political group.' To 'lead' is defined in relevant part as, in general, guiding, preceding, showing the way, directing, or conducting." *People v Rhodes*, 305 Mich App 85, 90; 849 NW2d 417 (2014) (citation omitted).

"A sentencing court may consider all record evidence before it when calculating the guidelines, including, but not limited to, the contents of a presentence investigation report [PSIR], admissions made by a defendant during a plea proceeding, or testimony taken at a preliminary exam or trial." *People v Johnson*, 298 Mich App 128, 131; 826 NW2d 170 (2012) (quotation marks and citation omitted). "A trial court may draw inferences regarding a defendant's behavior from objective evidence when sentencing the defendant." *People v Dickinson*, 321 Mich App 1, 23; 909 NW2d 24 (2017).

At his plea hearing, defendant testified that he "had [gone] into a storage unit that wasn't [his] to take stuff that didn't belong to [him]." The trial court asked defendant if he entered the victim's unit "with the intent . . . to steal something," and defendant replied affirmatively. Defendant stated in his PSIR interview: "I realized a unit across the hall from mine at [the storage-unit facility] had a lock [that was not] clasped. I opened it and began taking things out that [were not] mine." Defendant went on to state that "[a] friend opened the door originally, thinking it was mine, but when I came inside behind him, I [saw] he was in the wrong one." At sentencing, defendant stated that he "wasn't the one that realized the clasp was open." Defendant stated that he only originally said he was the first one to notice that the victim's unit was unlocked because he thought it was "the right thing to do" to help his codefendants. At the hearing on defendant's motion to correct his sentence, the trial court explained that defendant was a leader for OV 14 purposes because defendant was the individual "[who] made the move across the hall to [victim's unit] and opened it up, and that started the ball rolling."

On this record, a preponderance of the evidence supported the trial court's finding that defendant could be considered a leader for purposes of OV 14. There was disagreement regarding which individual first noticed the victim's unlocked unit; however, that does not substantially affect defendant's OV 14 score. Defendant was the reason that he and his codefendant, Michael Duvall, were at the storage-unit facility, defendant was the person with a unique PIN code to enter the facility, and Duvall would not have been at the storage-unit facility but for defendant. Defendant and Duvall proceeded to move items from the victim's unit to Dart's unit and defendant's vehicle. It is reasonable to infer that defendant directed this because defendant likely had to unlock Dart's unit and his vehicle to move the items. See *Rhodes*, 305 Mich App at 90 (noting that leadership can be shown by establishing that the defendant "played some role in guiding or initiating the transaction itself").

While defendant argues that this was a crime of opportunity with no leadership, defendant nevertheless played a guiding or coordinating role to assist his codefendant in executing the crime. Defendant was needed to input Dart's unique PIN code to access the storage-unit facility, without which Duvall could not have gained entry. "For purposes of an OV 14 analysis, a trial court should consider whether the defendant acted first or gave directions or was otherwise a primary causal or coordinating agent." *Dickinson*, 321 Mich App at 22 (quotation marks and citation omitted). It is reasonable to infer that defendant was a "coordinating agent" for purposes of OV 14 because

defendant is the individual who drove his vehicle to the storage unit, presumably picked up Duvall, had the PIN code for entry, and unlocked Dart's unit. This evidence also supports that defendant played a role in guiding or initiating the criminal transaction, which is to be considered in its entirety, especially after he realized his codefendant went into the wrong unit and he still proceeded with the crime. See *Rhodes*, 305 Mich App at 90; *People v Baskerville*, 333 Mich App 276, 300; 963 NW2d 620 (2020) ("The entire criminal transaction should be considered when scoring" OV 14) (quotation marks and citation omitted). Thus, the trial court did not clearly err in finding that defendant was a leader for purposes of OV 14, and the record demonstrates that his actions were sufficient to assess 10 points for OV 14. Because the trial court properly assessed 10 points for OV 14, the trial court did not abuse its discretion by denying defendant's motion for resentencing.

With respect to defendant's due-process argument, "[a] defendant is entitled to be sentenced by a trial court on the basis of accurate information." *People v Francisco*, 474 Mich 82, 88; 711 NW2d 44 (2006). "[T]he use of inaccurate information at sentencing may violate [a] defendant's constitutional right to due process." *People v Hoyt*, 185 Mich App 531, 533; 462 NW2d 793 (1990). "[D]ue process is satisfied as long as the sentence is based on accurate information and the defendant has a reasonable opportunity at sentencing to challenge that information." *People v Williams*, 215 Mich App 234, 236; 544 NW2d 480 (1996).

The trial court's assessment of 10 points for OV 14 was based on accurate information, as explained above. Therefore, defendant's due-process rights were not violated, and he is not entitled to resentencing.

Affirmed.

/s/ Michael J. Riordan
/s/ Colleen A. O'Brien
/s/ Kristina Robinson Garrett